Lawrence E. GREER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 82S00-8804-CR-397.

Supreme Court of Indiana.

Sept. 26, 1989.

David M. Shaw, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Wendy L. Stone, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Following a jury trial in the Vanderburgh Superior Court, Defendant–Appellant Lawrence E. Greer was convicted of Child Molesting, a Class D felony, and was further found to be an habitual offender. He was subsequently sentenced to a term of thirty-six (36) years.

Five issues are presented for our review in this direct appeal:

1. prosecutorial misconduct;
2. denial of pretrial Motion to Dismiss;
3. improper certification of habitual offender documents;
4. failure of the State to prove that escape in the second degree was a felony in the State of Kentucky; and
5. refusal of Defendant's tendered Instruction No. 4.

The facts showed that Greer was the live-in boyfriend of Mary Small. Mary Small had three young children ranging in age from two to six years of age. On March 6, 1984, Lawrence Greer was observed by both Mary Small and Jason Small in the bathroom with the six-year old girl and saw her performing fellatio upon Greer.

I

In closing argument, the prosecuting attorney discussed reasonable doubt and attempted to paraphrase one of the instructions the court would give. The prosecutor stated: "If there's two reasonable inferences to be drawn, and they're both equally reasonable, you should find him not guilty, and that's true if they're both equally reasonable." Greer objected that this was an improper statement of the law since they do not have to be equally reasonable but if they're both reasonable they have to render a verdict of not guilty and it does not matter which is of the greater weight or more believable. Greer now claims his objection should have been sustained and the jury instructed to disregard the prosecutor's remark. The court's response to the objection was: "Well, the instruction, and I will give it to the jury is that there ... there are two reasonable theories, one which points to innocence, and one which points to guilt, and they must adopt that theory which points to the defendant's innocence...."

Regardless of the semantic problem here, ladies and gentlemen, I'll instruct you on that." The record shows Greer did not object further and did not request any curative instruction to the jury. Failure to request an admonition waives any claim of error resulting from a failure to admonish the jury. *Barker v. State* (1982), Ind., 440 N.E.2d 664, 669. Further, we observe the statement made to the jury by the court sufficiently cured the issue. The jury was told the court would give proper interpretation in a final instruction. As a matter of fact, that instruction and several others on reasonable doubt were given to the jury in the final instructions. No reversible error is demonstrated.

## II

 Greer contends the trial court erred in denying his Motion to Dismiss. He bases this contention on the prosecutor's failure to list the names of the State's witnesses in its amended information as required by Ind.Code § 35–34–1–2(c). Greer does not claim or show he was unable to obtain the names, and the record shows that although the State had some difficulty locating some of the witnesses, particularly those keeping criminal records in Kentucky, the witnesses were furnished to Greer during the trial. Failure to fully comply with Ind.Code § 35–34–1–2(c) does not necessarily warrant dismissal. The purpose of the statute requiring that witnesses be listed is to inform the defendant of the witnesses against him and serves as a method of discovery. *Lay v. State* (1981), Ind., 428 N.E.2d 779, 781. The effect of not complying with the statute is to prevent the State from obtaining a continuance due to the absence of an unlisted witness. *Stevens v. State* (1959), 240 Ind. 19, 27, 158 N.E.2d 784, 788. The trial court properly refused to dismiss the cause on these grounds.

## III

 It is Greer's contention that State's Exhibits H–5 and H–9 were improperly certified and the court erred in admitting them into evidence. Both of these exhibits re-ferred to Greer's prior felony convictions for the purpose of determining the habitual offender charge. Exhibit H–5 was a certified record from the Kentucky State Police central repository. The face sheet was a certification by Gary Bush, Custodian of the Records for the Kentucky State Police central repository, which certified that the attached document designated as "Fingerprint Card" and "Photographs" was a full, complete, and accurate copy of said fingerprint card pertaining to Greer. In fact, rather than one document containing a fingerprint card, there were three documents attached which consisted of fingerprint cards and photographs. Greer contends that the singular reference to multiple attachments invalidated all of the attachments. The first attachment was, in fact, a document containing a fingerprint card and a photograph of Greer. The two others could be considered surplusage and harmless error if, in fact, one used the exact meaning of the words the certificate's preparer used in filling out the form. However, we note further that each of the three attached documents is separately certified by the keeper of the records. Therefore, any error is harmless. *Badelle v. State* (1982), Ind., 434 N.E.2d 872, 877–78.

 A similar situation exists in Exhibit H–9. The certificate on this exhibit refers to the attached documents numbered 1 to 3 and listed below as true and accurate copies of the record, etc. The certifying face sheet then describes the attached documents as: (1) photograph and physical description, dated 4/30/80; (2) fingerprints, dated 5/2/80; and (3) Commitment Order, Cause No. CR 79 378D. Three documents are attached to this face sheet but they are not numbered 1 to 3. They are in the sequence indicated on the face sheet and contain what is described in the face sheet. There are three attachments and each page matches its description in the document itemization on the certification itself. We see no variation here invalidating the certification of this exhibit to the extent its admission constituted reversible error.

## IV

Greer was found to be an habitual offender and his term of six (6) years was enhanced to thirty-six (36) years. Greer claims the habitual finding must be reversed because one of the prior unrelated crimes was not sufficiently proved. He claims there was insufficient evidence to establish that the crime of escape, second degree, in Kentucky was a felony and cites *Shelton v. State* (1986), Ind., 490 N.E.2d 738, 744. *Shelton* held the State can prove a particular offense is a felony by showing that either the sentence imposed was more than one year or presenting the criminal statutes under which the defendant was convicted and asking the court to take judicial notice of them. Greer also cites this Court's opinion in *Fozzard v. State* (1988), Ind., 518 N.E.2d 789, 792–93. In *Fozzard*, three prior unrelated crimes were proved and the jury found Fozzard to be an habitual criminal. On appeal, Fozzard pointed out that one of the three was ineligible for consideration in the habitual offender phase of the trial since the documentation demonstrating the commission and sentencing for this crime was not in proper sequence with the other prior unrelated crimes and the one for which Fozzard was on trial. The habitual offender finding was set aside and a new trial ordered on that issue because there was no way of knowing which of the three prior crimes the jury used to make its habitual finding. Although there were two eligible convictions proved, there was no way of knowing whether the jury used the eligible convictions to make its finding.

The verdict returned by the jury in this case contained a finding on each prior unrelated crime alleged. The jury found Greer was convicted and sentenced on all four of the previous crimes in evidence. They then found Greer to be an habitual criminal. Three of the crimes found to be the basis for the finding were eligible. Greer does not claim or show that there was not a proper sequence in the commission and conviction of these crimes so that is not at issue here. Since the three eligible crimes clearly supported the jury's finding, the question of the eligibility of the Kentucky conviction for escape need not be resolved since the showing of more than two prior unrelated crimes is surplusage. Therefore, no error is shown on this issue.

## V

Greer claims the trial court erred in refusing to give his tendered Instruction No. 4 to the jury during the habitual offender stage of trial. He contends that in reviewing the refusal of a tendered instruction we apply a three pronged test concerning whether the tendered instruction is a correct statement of the law, if there is evidence in the record to support giving the instruction, and whether the substance of the tendered instruction is covered by other given instructions. *Smith v. State* (1987), Ind., 506 N.E.2d 31, 32–33. Greer's tendered Instruction No. 4 read as follows:

The Constitution of Indiana provides that in all criminal cases the jury shall judge and determine the law as well as the facts. It is the duty of the court to instruct you on the law governing the case, and you should give the Court's instructions respectful attention. However, the instructions of the court are not necessarily binding on you. You have the right to independently determine the law to be different from what the court says it is. The instructions given are for your guidance and information and you should give the instructions such consideration and respect as you deem them entitled to.

An instruction identical to this was tendered and refused in *Travis v. State* (1986), Ind., 488 N.E.2d 342, 345. We found therein that although the instruction seemed proper, it did appear as something of an invitation to ignore the court's charge. We then found that an additional instruction given by the court on the same subject was adequate and therefore the court did not err in refusing the tendered instruction. *Id.* at 346. The same is true here. The court instructed the jury:

In deciding this case you must determine the facts from the consideration of all the evidence in light of the law as contained in these instructions. All the law

in the case is not embodied in any single instruction. Therefore, you must consider these instructions as a whole and construe them in harmony with each other. This instruction adequately covered the point so that refusal of Greer's tendered Instruction No. 4 presents no reversible error.

The trial court is affirmed.

SHEPARD, C.J., DeBRULER, GIVAN and DICKSON, JJ., concur.