Kenneth BROSHEARS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 87A01–9203–CR–58.

Court of Appeals of Indiana,
First District.

Feb. 15, 1993.

Concurring Opinion Filed Feb. 15, 1993.

Withdrawn and Substituted
March 4, 1993.

J. William Bruner, Boonville, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

BAKER, Judge.

ON PETITION FOR CLARIFICATION
AND REHEARING

In *Broshears v. State* (1992), Ind.App., 604 N.E.2d 639, we held that in certain habitual offender proceedings—like Broshears's—where it is possible the defendant would be subject to sentence enhancement under either the big [1] or little [2] habitual offender statute, depending upon which prior felonies the jury relies, the trial court commits reversible error by refusing the defendant's request for special verdict forms. We reasoned that without the special verdict forms, the trial court would not know which prior felonies the jury relied upon, and therefore would not know whether the defendant was a big or little habitual offender. We remanded the cause for re-sentencing "as if Broshears stood before the trial court for the first time." *Id.* at 646.

The State has petitioned for rehearing and asked us to set aside our opinion and

1. IND.CODE 35–50–2–8.

2. IND.CODE 35–50–2–7.1.

affirm the trial court in all respects. We refuse. We will, however, address the State's concern that we insufficiently instructed the trial court on how it should proceed on remand. Specifically, the State raises the following five questions; our response follows each.

**Is [the trial court] ordered to retry the habitual phase entirely?**

Yes, assuming the State still wishes to press the matter.

**Can the trial court, after a hearing, resentence the defendant under the 'big habitual offender' provisions, if it finds additional factors that justify that action?**

■ Yes. If the jury determines Broshears is an habitual offender and it is clear that in reaching its conclusion the jury relied upon at least one prior felony that is not a Class D felony or its equivalent, Broshears would be a big habitual offender and should be sentenced as one. *See* IND. CODE 35–50–2–8.

**Must [the trial court] resentence the defendant under the 'little habitual offender' provisions?**

■ It depends. If the jury determines Broshears is an habitual offender and it is clear that in reaching its conclusion the jury relied solely on Class D felonies or their equivalents, Broshears would be a little habitual offender and must be sentenced as one. *See* IND.CODE 35–50–2–7.1.

**Is [the trial court] required to resentence the defendant solely upon the underlying offense?**

No, unless either 1) the State refuses to pursue the habitual offender phase or 2) the jury correctly determines Broshears is not an habitual offender.

**Does [the trial court] have discretion to determine which of the above is appropriate?**

■ No. The decision to pursue the habitual offender charge lies exclusively with the State. If the State does press the issue, Broshears must be given the special verdict forms if he asks for them and if it is possible he could be subject to either a big or a little enhancement, depending upon which prior convictions the jury relies. If the jury determines the defendant is an habitual offender, the trial court must determine whether the defendant is a big or little habitual offender. In none of these acts is there room for the exercise of judicial discretion.

In sum, assuming the State still wishes to pursue the habitual offender charge, the trial court must conduct a hearing and submit the issue to the jury, which will make the habitual offender determination. If the jury determines Broshears has accumulated at least two prior unrelated felonies, the trial court must then examine the special verdict forms (assuming Broshears asked for them) to determine whether Broshears is a big or little habitual offender. Sentencing would follow.

The petition for clarification is granted; the petition for rehearing is denied.

ROBERTSON, J., concurs.

SULLIVAN, J., concurs in result with separate opinion.

SULLIVAN, Judge, concurring in result.

I concur insofar as the opinion of the majority affirms our opinion in *Broshears v. State* (1992) 1st Dist.Ind.App., 604 N.E.2d 639.

The "Petition for Rehearing" heretofore filed on December 30, 1992 did not and does not seek the "clarification" graciously and gratuitously provided by the majority today. The Petition seeks outright reversal of our earlier opinion and requests that we "affirm the trial court in all respects".

To be sure, the Petition does assert that our opinion "does not give the trial court sufficient direction as to the actions it has been ordered to take....." In that allegation, the Deputy Attorney General either insults the intelligence of the Attorney General of the State of Indiana by implying that he was and is unable to understand the clear and unmistakable holding of our opinion, or challenges the ability or willingness of this court to render other than obtuse or indecipherable mandates to the

trial courts. Quite admittedly, upon occasion our opinions and decisions are not as clear and precise to the intended audience as to ourselves[3]. Nevertheless, our opinion as reported in 604 N.E.2d 639 is not such an opinion. As indicated by the majority here, that opinion is without ambiguity. We stated simply and clearly: "We remand the cause for resentencing as if Broshears stood before the trial court for the first time." 604 N.E.2d at 646.

The majority opinion today should have concluded with the refusal to grant the relief sought in the Petition for Rehearing. By providing gratuitous answers to questions which have not yet surfaced and which may never surface, the court appears to deviate from our long-standing reluctance to give advisory opinions. Upon occasion when reversing upon one ground and remanding for a new trial or for further proceedings we afford some guidance to the trial court by addressing some other issues *which have been fully and fairly presented in the appeal and which are likely to arise upon retrial. See, e.g., Byrd v. State* (1992), Ind.App., 605 N.E.2d 231 (sufficiency of evidence discussed with respect to propriety of retrial in opinion reversing conviction for failure to give instruction). There are no such issues before us at this time.

We should not answer questions as yet unasked; nor should we do so outside the context of a particular issue in litigation or without full opportunity for both sides to brief and argue the issue or issues.

For the reasons stated, I am able to concur only in the result.

---

**3.** Perhaps too frequently we are victims of our own small minds and write or speak as did Humpty Dumpty: "When I use a word, it means just what I choose it to mean—neither more nor less". Lewis Carroll, *Through the Looking Glass* (Modern Library Ed.) p. 247, and as quoted in *Eads v. J & J Sales Corporation* (1971) Ind.App., 269 N.E.2d 888, 892 n. 1., *vacated* 257 Ind. 485, 275 N.E.2d 802.