Garry T. SEAY, appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 82S01–9701–PC–26.

Supreme Court of Indiana.

July 8, 1998.

Susan K. Carpenter, Public Defender of Indiana, Cynthia Maricle Russell, Deputy Public Defender, Indianapolis, for Appellant.

Pamela Carter, Attorney General of Indiana, Michael K. Ausbrook, Deputy Attorney General, Indianapolis, for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

Garry Seay seeks post-conviction relief from a trial court's determination that he was a habitual criminal. His claim arises under Article I, § 19, of the Indiana Constitution: "In all criminal cases whatever, the jury shall have the right to determine the law and the facts."

### Background

In a bifurcated proceeding, Seay was convicted of two counts of dealing in drugs and then found to be a habitual offender.[1] During the habitual offender phase, the court instructed the jury that it was the judge only

1. Ind.Code § 35–50–2–8 (Supp.1986).

of the facts, and that it was restricted to determining the facts only and not the law. Seay was found guilty of being a habitual offender, causing his sentence to be enhanced by thirty (30) years. This Court affirmed the convictions and sentence. *Seay v. State*, 529 N.E.2d 106 (Ind.1988).

Seay now seeks post-conviction relief on two related grounds: (1) that during the habitual offender proceeding the trial court committed fundamental error in instructing the jury that the jury was the judge only of the facts and not of the law; and (2) that Seay received ineffective assistance of counsel when trial counsel failed to object to this instruction. The post-conviction court denied relief and the Court of Appeals affirmed. *Seay v. State*, 673 N.E.2d 475 (Ind.Ct.App. 1996). In so holding, the Court of Appeals concluded that (1) the trial court had erred in giving the instruction that the jury was the judge only of the facts but that (2) this error was not fundamental nor was Seay denied the effective assistance of trial or appellate counsel to which he was entitled when they failed to raise the issue at trial and on direct appeal, respectively. *Id.* at 480–481.

We previously granted transfer and now adopt the Court of Appeals opinion regarding the applicability of art. I, § 19, to habitual offender proceedings and summarily affirm the Court of Appeals's findings that the error was not fundamental and that trial and appellate counsel were not ineffective.

### I

Seay contends he is entitled to post-conviction relief because the trial court instructed the jury during the habitual offender phase of his trial that the jury was the judge of only the facts and not the law.[2] Seay argues that such instructions contradict not only art. I, § 19, of the Indiana Constitution,[3] but also contradict Indiana Code § 35–37–2–2(5) (Supp.1985).[4]

A person convicted of a felony may be sentenced as a "habitual offender" in certain circumstances. Ind.Code § 35–50–2–8 (Supp.1985).[5] Such sentencing has extremely severe consequences—it can add as many as thirty (30) years to the sentence otherwise imposed. *Id.* To seek such a sentence, the State, at the time it charges a person with a felony, must also charge that the accused has accumulated two prior unrelated felony convictions. Ind.Code § 35–50–2–8(a). If the accused is convicted of the charged felony in a jury trial, the jury reconvenes for the habitual offender sentencing phase. Ind. Code § 35–50–2–8(b). The State must prove beyond a reasonable doubt that the defendant has accumulated two prior unrelated felony convictions. Ind.Code § 35–50–2–8(c). If the jury finds the defendant to be a habit-

---

2. Defendant is appealing the following jury instructions:

   Since this is a sentencing case, the Constitution of the State of Indiana makes you the judges of only the facts. (R. at 253.)

   These instructions do not contain any information concerning the penalties that could be imposed upon a conviction. The Law has been so written that you may make your decisions without being influenced by the apparent severity or leniency of the sentence. Since an Habitual Offender proceeding pertains only to sentencing the jury is restricted to determining the facts only and not the law during such a proceeding. (R. at 271.)

   We refer to the record of Seay's post-conviction hearing as "R."

3. Article I, § 19, of the Indiana Constitution provides:

   In all criminal cases whatever, the jury shall have the right to determine the law and the facts.

4. Ind.Code § 35–37–2–2(5) (Supp.1985) states:

   The court shall then charge the jury. The judge shall:
   (A) Make the charge to the jury in writing;
   (B) Number each instruction; and
   (C) Sign the charge;
   if, at any time before the commencement of the argument, he has been requested to do so by the prosecuting attorney, the defendant, or the defendant's counsel. In charging the jury, the court must state to them all matters of law which are necessary for their information in giving their verdict. The judge shall inform the jury that they are the exclusive judges of all questions of fact, and that they have a right, also to determine the law. The court may send the instruction to the jury room.

5. Unless otherwise indicated, references to Ind. Code § 35–50–2–8 refer to the version published in the 1985 Edition of the Indiana Code, the habitual offender statute in effect at the time defendant was charged with being a habitual offender.

ual offender, the court is then required to sentence the defendant to an additional fixed term prescribed by statute. Ind.Code § 35–50–2–8(d).

■ The point on which Seay's argument turns is whether the jury in the habitual offender proceeding is permitted to render a verdict that the defendant is not a habitual offender even if it finds that the State has proven beyond a reasonable doubt that the defendant has accumulated two prior unrelated felonies. That is, is the jury entitled to make a determination of habitual offender status as a matter of law independent of its factual determinations regarding prior unrelated felonies?

In answering this question in the affirmative, we adopt the formulation of Justice Dickson—that even where the jury finds the facts of the prerequisite prior felony convictions to be uncontroverted, the jury still has the unquestioned right to refuse to find the defendant to be a habitual offender at law. *Duff v. State,* 508 N.E.2d 17, 24 (Ind.1987) (Dickson, J., separate opinion) (citing *Mers v. State,* 496 N.E.2d 75, 79 (Ind.1986); *Baker v. Duckworth,* 752 F.2d 302, 306 (7th Cir.1985), *cert. denied* 472 U.S. 1019, 105 S.Ct. 3483, 87 L.Ed.2d 618).

We acknowledge that the issue of the jury's role in the habitual offender phase of an Indiana criminal trial has been addressed in a number of opinions which are not entirely reconcilable. While agreeing that the Court of Appeals properly analyzed these cases for purposes of the context in which the issue arises here, we add several observations.

■ Some defendants have claimed that the habitual offender statute is unconstitutional either because the jury is not involved in deciding the penalty for being a habitual offender or is not allowed to take the penalty into account in making that determination. *See, e.g., Taylor v. State,* 511 N.E.2d 1036, 1039 (Ind.1987). Whatever the merits of those arguments may be, determining the

habitual offender *penalty* is clearly different from determining habitual offender *status* and, in any event, we have long held that art. I, § 19, does not apply in *penalty* determinations. *See Leslie v. State,* 558 N.E.2d 813, 817 (Ind.1990); *Taylor,* 511 N.E.2d at 1040; *Goodwin v. State,* 439 N.E.2d 595, 601 (Ind. 1982); *Owens v. State,* 427 N.E.2d 880, 886 (Ind.1981); *Harrington v. State,* 421 N.E.2d 1113, 1115 (Ind.1981); *Taylor v. State,* 420 N.E.2d 1231, 1233 (Ind.1981); *Griffin v. State,* 275 Ind. 107, 116–117, 415 N.E.2d 60, 66 (1981); *Comstock v. State,* 273 Ind. 259, 264, 406 N.E.2d 1164, 1167 (1980). We reaffirm that art. I, § 19, does not require that the jury be advised of the penalty for being a habitual offender or be involved in deciding the amount of the penalty.

Other defendants have raised claims similar to the one Seay raises here: that art. I, § 19, entitles the jury to determine whether the defendant is a habitual offender both as a matter of fact and of law. In *Jones v. State,* 449 N.E.2d 1060 (Ind.1983), the defendant argued that because the habitual offender statute mandated that the jury find a person to be a habitual offender if it finds the prerequisite prior felonies properly proven, it impinged upon the jury's constitutional responsibility to be the judge of the law as well as the facts.[6] Our Court made no distinction between habitual offender *status* and habitual offender *penalty* and reaffirmed the principle that the jury had no role in assessing penalties. In doing so, our Court cited to *Harrington, Taylor, Griffin,* and *Comstock—* cases where the penalty determination, not the status determination, were at issue. We concluded in *Jones* that "the habitual offender statute is a means of sentencing and is not a determination of the law necessary to reach the verdict." 449 N.E.2d at 1066. It is this conclusion that has been the source of much confusion. For this reason, we overrule *Jones* to the extent that it can be interpreted to mean that art. I, § 19, does not apply to

---

6. The habitual offender statute language at issue in *Jones v. State,* 449 N.E.2d 1060, 1065 (Ind. 1983) provided:

A person is a habitual offender if the jury ... finds that the State has proven beyond a rea-

sonable doubt that the person had accumulated two prior unrelated felonies. Ind.Code § 35–50–2–8 (Burns 1982 Supp.).

the status determination in habitual offender proceedings.

Since *Jones*, we have had several cases dealing with the same issue over which there has been much disagreement and little consistency. In order clarify the law in this area, we discuss certain key cases that reflect these difficulties.

The first case after *Jones* specifically to address habitual offender status is *Mers*, 496 N.E.2d at 75. In the course of discussing a double jeopardy challenge to a habitual offender adjudication, we determined that adjudication of habitual offender status required more than simply a finding that the prerequisite prior felonies were properly proven. Justice Dickson wrote for the Court:

> A person cannot be found to be a habitual offender upon merely two felony convictions. There must be three. It is from this group of three particular convictions that a jury may determine the "ultimate issue of fact"—whether, based on these three felonies, defendant's sentencing should be that of a habitual offender.

*Mers*, 496 N.E.2d at 79. The underlying principle in *Mers* was that because the jury determines whether a defendant should be given habitual offender status based on the three unrelated felonies, the jury has the power to determine not only the facts, but the law. In fact, Justice Dickson indicated so in his dissent in *Hensley v. State*, 497 N.E.2d 1053, 1058 (Ind.1986), in which Chief Justice Shepard concurred.

In *Hensley*, the defendant claimed that the trial court erred in submitting a verdict form which provided: " 'We the jury find beyond a reasonable doubt that the defendant Raymond Hensley is an habitual offender in that he has the following prior convictions.' " *Id.* at 1057. This statement was followed by a listing of the convictions alleged to which the jury had to respond either "yes" or "no." The defendant challenged this special verdict form because it "impinged upon the defendant's right to have a jury in a criminal case determine both the law and the facts pursuant to Art. 1, § 19 of the Indiana Constitution." *Id.* at 1057. The majority determined that the "jury's function in an habitual offender proceeding is to determine whether the defendant is an habitual offender defined by statute" and that the verdict form used at trial comported with the jury's function. *Id.* In citing to *Mers*, 496 N.E.2d at 75, which had just been decided two months earlier, Justice Dickson wrote in his dissent that the verdict forms "failed to recognize the jury's right to find that the defendant was not a habitual offender at this time, even though there may have been adequate proof of the prerequisite prior felony convictions." *Hensley*, 497 N.E.2d at 1058 (Dickson, J., dissenting) (citing *Baker*, 752 F.2d at 306). In so stating, Justice Dickson reiterated the principle established in art. I, § 19, providing the jury the power to determine the law and the facts. *Id.*

We find it difficult to reconcile the decisions in *Hensley* and *Mers*. Implicit in *Mers* is the understanding that the jury, because it must determine whether the defendant should be given habitual offender status as a result of three felony convictions, is the determiner of the law regarding this issue. However, the majority opinion in *Hensley* can be read to reject this premise by sanctioning a special verdict form which permitted the jury to determine only whether or not the State had proven that defendant committed two prior unrelated felonies.[7]

---

7. *Hensley v. State*, 497 N.E.2d 1053 (Ind.1986), has been interpreted in various ways.

  In *Ditchley v. State*, 542 N.E.2d 996, 999 (Ind. 1989), the defendant argued that the legislature did not intend for habitual offender status to attach merely based on the fact that two prior felony convictions existed. The majority stated that this was a correct statement of the law and of its holding in *Hensley*.

  In *McCollum v. State*, 582 N.E.2d 804, 816 (Ind.1991), the defendant contended that the trial court committed fundamental error by providing the jury with a special verdict form which asked the jury to decided whether or not defendant was guilty of the two prior felonies alleged, but did not require the jury to state specifically whether defendant was or was not a habitual offender. We determined that although the verdict form was erroneous, no fundamental error resulted but that "[a] proper verdict form would require the jury to find whether the defendant is an habitual offender or not." *Id.* (footnote omitted). Thus, *McCollum*—even though it cited to *Hensley* for the general principle that the jury's function

Within a year the same issue arose again. The circumstances were similar to the case before us today, but there was no majority opinion. *Duff,* 508 N.E.2d at 17. In *Duff,* the trial court instructed the members of the jury that they were not the finders of law during the habitual offender proceeding. Two of the justices, relying on *Jones,* 449 N.E.2d at 1060, found that the jury's sole duty was to find whether or not the defendant had been twice previously convicted of unrelated crimes and that the jury was not involved with the applicable law or the sentencing of defendant. *Id.* at 20–21. In a separate opinion, Justice Dickson wrote:

> In a habitual offender proceeding, the jury must not only determine whether the defendant has been twice previously convicted of unrelated crimes, but it must further determine whether such two convictions, when considered along with the defendant's guilt of the charged crime, lead them to find that the defendant is a habitual criminal.

*Duff,* 508 N.E.2d at 23 (Dickson, J., separate opinion). For the third time, Justice Dickson suggested that the jury has a choice and that it may determine that even though the defendant was convicted of two prior unrelated crimes, the defendant should not be given the status of a habitual offender. *See Baker,* 752 F.2d at 306 (where the court stated that the "jury may have decided that the prosecution failed to prove [defendant's] previous convictions beyond a reasonable doubt, as required by statute [ ] . . . [or] [a]lternative-

ly, the jury may have decided that even though the prosecution had proved [defendant's] prior convictions beyond a reasonable doubt, [defendant] did not deserve an enhanced sentence").

Finally, in *Clark v. State,* 561 N.E.2d 759, 764 (Ind.1990), where the defendant claimed that it was fundamental error for the trial court to fail explicitly to inform the jury during the habitual offender phase that it was the exclusive judge of all questions of fact and was to determine the law, we found no fundamental error. Our decision was based upon the long held principle that jury instructions are to be read as a whole and since the jury was instructed on at least one occasion that it was the exclusive arbiter of the facts and that it was empowered to determine the law, there was no fundamental error in not reiterating the instruction. *Id.* Implicit in this holding is the principle that during the habitual offender phase, art. I, § 19, does apply.[8] *See Greer v. State,* 543 N.E.2d 1124, 1127–28 (Ind.1989); *Travis v. State,* 488 N.E.2d 342, 345–46 (Ind.1986).

After careful review and analysis, we now explicitly adopt the principles enunciated by Justice Dickson in his opinions in *Mers, Hensley,* and *Duff.* If the legislature had intended an automatic determination of habitual offender status upon the finding of two unrelated felonies, there would be no need for a jury trial on the status determination. *Hensley,* 497 N.E.2d at 1058 (Dickson, J., concurring and dissenting).[9]

---

is to determine whether the defendant is a habitual offender as defined by statute—overruled *Hensley* regarding the special verdict form. We also overrule or disapprove of the following cases to the extent they permitted special verdict forms in habitual offender proceedings which did not allow the jury to find that the defendant was not a habitual offender even though there was a finding that the State had proven beyond a reasonable doubt that defendant had accumulated two prior unrelated felony convictions: *Davenport v. State,* 536 N.E.2d 263, 267 (Ind.1989); *Broshears v. State,* 604 N.E.2d 639, 645 (Ind.Ct. App.1992), decision clarified on *denial of reh'g,* 609 N.E.2d 1 (Ind.Ct.App.1993); *Rainey v. State,* 557 N.E.2d 1071, 1076 (Ind.Ct.App.1990).

**8.** We join in Justice DeBruler's reasoning in another case that because the penalty for being a habitual offender is so severe, and because the legislature has mandated that a defendant is enti-

tled to a trial by jury where the standard of proof is "beyond a reasonable doubt"—the same as that required in the determination of guilt—a defendant is entitled to an instruction similar to that given on the guilt phase of a trial, *i.e.,* the jury has the right to determine the law and the facts. *Chanley v. State,* 583 N.E.2d 126, 132 (Ind.1991) (DeBruler, J., concurring and dissenting). *See Weatherford v. State,* 619 N.E.2d 915, 918 (Ind.1993) (DeBruler, J., dissenting).

**9.** Justice DeBruler once noted that the policy of a trial by jury for habitual offender charges "even sanctions exercise of the jury nullification power." *Weatherford,* 619 N.E.2d at 918 (DeBruler, J., dissenting) (citing *Clark v. State,* 561 N.E.2d 759, 759 (Ind.1990)). *See Owens v. State,* 427 N.E.2d 880, 886 (Ind.1981) (in the context of habitual offender proceedings, "[l]ike any other jury it has the discretion to disbelieve or discredit

In this case, what was at issue was the jury's ability to find Seay to be a habitual offender (or not to be a habitual offender) irrespective of the uncontroverted proof of prior felonies. The jury was judge of both the law and facts as to that issue and it was error to instruct the jury otherwise.

## II

Seay contends that it was fundamental error for the trial court to give this instruction and that he was denied the effective assistance of counsel to which he was entitled when trial counsel did not object to the instructions at trial and when appellate counsel did not raise a claim of fundamental error on direct appeal. As noted under *Background, supra,* the Court of Appeals rejected these arguments. *Seay,* 673 N.E.2d at 480–81. We summarily affirm the finding of the Court of Appeals that no fundamental error resulted from the giving of the jury instructions and that trial and appellate counsel were not ineffective.

### *Conclusion*

Having granted transfer, we affirm the denial of post-conviction relief.

SHEPARD, C.J., and DICKSON, SELBY and BOEHM, JJ., concur.

any or all of the State's evidence, no matter how    unimpeachable it may be'').