RUCKER, Justice,
dissenting.
The majority makes a distinction between “law and facts” jury instructions in the guilt and habitual offender phases of trial. Because I see little daylight in the wording of Indiana Code section 35-37-2-2(5) and the provisions of Article 1, Section 19,1 respectfully dissent.
As the majority points out the wording of the statute tracks the language of our State Constitution: “In all criminal cases whatever, the jury shall have the right to determine the law and the facts.” Ind. Const. Art. 1, § 19. The similarity in language between the two suggests that the analysis of how the provisions are to be applied should be similar as well. In Holden v. State, we held “[i]t is improper for a court to instruct a jury that they have a right to disregard the law. Notwithstanding Article 1, Section 19 of the Indiana Constitution, a jury has no more right to ignore the law than it has to ignore the facts in a case.” Holden v. State, 788 N.E.2d 1253, 1255 (Ind.2003) (quoting Bivins v. State, 642 N.E.2d 928, 946 (Ind.1994)). As the author of Holden, I obviously have no quarrel with this holding. But, I view it as very narrow. That is to say, although Indiana juries have no right to disregard the law, under the clear wording of the Constitution they still have the right to determine the law. The questions implicated by this case are: (a) what does that right entail either in the context of the statutory provision or of the Constitution itself and (b) what should juries be told concerning that right.
Our decisions have made clear that Article 1, Section 19 does not grant the jury the power to decide all matters that may be correctly included under the generic label — “law.” See Anderson v. State, 104 Ind. 467, 5 N.E. 711, 712 (1886) (declaring the jury is not the “sole judge[ ] of the law in every respect in a criminal cause”). For example, the jury’s law determining function does not include the right to pass on questions concerning the admissibility of evidence, Sprague v. State, 203 Ind. 581, 181 N.E. 507, 512 (1932), or the right to make, repeal, disregard, or ignore clearly existing law. See Fleenor v. State, 514 N.E.2d 80, 87 (Ind.1987); Hubbard v. State, 196 Ind. 137, 147 N.E. 323, 326 (1925). But, when deliberating on its verdict, the “law” that the jury is empowered to determine encompasses not only evaluating, among other things, the statutory elements of the offense — which it may not disregard — but also whether the legislature intended those elements to be applied to the facts presented. This is not unlike the authority exercised by judges in employing canons of statutory construction, e.g., interpreting statutes to avoid absurd results or interpreting statutes according *1188 to their plain and ordinary meaning, to make sure that the substantive law as written does not become overreaching so as to defeat reasonable goals of justice.[1] Indeed, what may appear superficially to constitute nullification by jurors of the legal standards they have been instructed to apply may instead reflect jurors deciding whether guilt in a particular case would promote the justice values for which the statute is enacted. We have recognized a very similar proposition before:
The jury have no right to base an acquittal upon their notion alone that the indictment is not sufficient; they have no right to determine that the indictment is not sufficient in form, or that it was not properly found and returned; they must act upon the law and the evidence, when the case comes before them. But they have the undoubted right, under the Constitution and the decisions of this court, to say that the facts in evidence do not constitute a ‘public offence, ’ although those facts may be the same facts stated in the indictment. If this be not so, then the jury will be compelled to convict in all cases where the facts stated in the indictment are proved, although they may think that the facts so proved do not constitute a public offence. This would be, practically, to take from the jury the right to pass upon the law in all cases.
Pritchard v. State, 248 Ind. 566, 230 N.E.2d 416, 420 (1967) (emphasis in original) (quoting Hudelson v. State, 94 Ind. 426, 430 (1884)).
The Court has been clear about how all of this plays out in the habitual offender context. “[EJven where the jury finds the facts of the prerequisite prior felony convictions to be uncontroverted, the jury still has the unquestioned right to refuse to find the defendant to be a habitual offender at law.” Seay v. State, 698 N.E.2d 732, 734 (Ind.1998) (citing Duff v. State, 508 N.E.2d 17, 24 (Ind.1987) (Dickson, J., separate opinion)). However, other than declaring that the jury is entitled to be instructed on its Article 1, Section 19 authority, see Johnson v. State, 518 N.E.2d 1073, 1076 (Ind.1988), the Court has not been very explicit about explaining the contours of that authority in the context of the guilt phase of a criminal trial.[2] And by today’s decision the majority takes the view that the trial court’s generic “law and facts” instruction is sufficient to advise the jury of its statutory authority in the habitual offender phase of trial. I respectfully disagree. Simply advising the jury that it has the right to determine the law and the facts falls woefully short of explaining how this right may be exercised. In contrast, Walden’s tendered instruction fills this void. Quoting Seay, the instruction is a correct statement of the law and gives express guidance to a jury on what it means to determine the law in the habitual offender context. This aspect of the statute was not covered by any of the trial court’s other instructions.
In like fashion, when requested, juries should be given similar guidance on its law determining function under Article 1, Section 19 in the guilt phase of trial. At a minimum this may be accomplished by advising the jury as follows:
*1189 Even where the jury finds that the State has proven the statutory elements of the offense beyond a reasonable doubt, the jury still has the unquestioned right to determine whether in this case returning a verdict of guilty promotes fairness and the ends of justice.
It is clear that the jury already has the unreviewable power to acquit even where the facts point in the other direction, and a trial judge cannot direct a verdict of guilty “no matter how overwhelming the evidence.” Sullivan v. Louisiana, 508 U.S. 275, 277, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993); accord Peck v. State, 563 N.E.2d 554, 560 (Ind.1990). Informing the jury that it has such power under the Indiana Constitution would be consistent with our holding in Seay — even assuming the case involved only a statutory provision — and would breathe life into what otherwise too often has been treated as a dead letter constitutional provision.
DICKSON, J., concurs.

. "[W]hat is typically seen as nullification may be recast as jurors participating actively in a system designed to give them authority to determine that a law is inapplicable in a given situation.” Lawrence M. Solan, Jurors As Statutory Interpreters, 78 Chi.-Kent L.Rev. 1281, 1283 (2003).

. The closest the Court has come is best illustrated by Cobb v. State, 274 Ind. 342, 412 N.E.2d 728, 741 (1980), in which the Court declared that to determine the law means that "jurors under their oaths should honestly, justly, and impartially judge the law as it exists.” In essence to determine the law means to determine the law.