DICKSON, Justice,
dissenting.
I join Justice Rucker’s separate dissenting opinion and add the following additional reasons for my disagreement with the majority opinion.
First, I disagree with the majority’s understanding of Holden v. State, 788 N.E.2d 1253, 1253-54 (Ind.2003). Although not part of the majority’s actual holding but only reflected in its preliminary commentary, today’s opinion expresses a view that Holden stands for the proposition that Indiana juries do not have the power to acquit despite overwhelming evidence in criminal cases. To the contrary, I believe that this Court unanimously acknowledged in Holden that our state’s early jurisprudence held that, in the exercise of its law-determining function under Article 1, Section 19 of the Indiana Constitution, a jury could disregard the instructions of the trial court, but had no right to disregard the law. Id. at 1254, citing Blaker v. State, 130 Ind. 203, 204, 29 N.E. 1077, 1077-78 (1892). Our analysis in Holden also noted recent views from other jurisdictions and discussed recent academic literature arguing that a jury’s right to decide the law did not encompass the right to nullify. Holden, 788 N.E.2d at 1255. Holden did not attempt to resolve these competing perspectives, but rather issued a narrow holding focused on the propriety of expressly advising the jury that “you [have] the latitude to ‘refuse to enforce the law’s harshness when justice so requires,’ ” an instruction that had been tendered but refused. Id. at 1253. We held only that a jury should not be affirmatively instructed that it has a right to disregard the law, and that the tendered instruction was properly refused. In my view, however, Holden does not prohibit Indiana juries from exercising their historic power to find in favor of a criminal defendant despite substantial contrary evidence.
Second, I disagree with the majority’s minimization of the important role of Article 1, Section 19 of the Indiana Constitution in this Court’s unanimous opinion in Seay v. State, 698 N.E.2d 732 (Ind.1998). To the contrary, Seay declared “we now explicitly adopt the principles enunciated by ... [the dissent in] ... Hensley,” which Seay expressly acknowledged “reiterated the principle established in art. I, § 19, providing the jury the power to determine the law and the facts.” Seay, 698 N.E.2d at 735-36, citing Hensley v. State, 497 N.E.2d 1053, 1058 (Ind.1986) (Dickson, J. dissenting). In a case decided contemporaneously with Seay, Justice Sullivan likewise wrote for a unanimous court that “In Seay, we definitively established that Article 1, § 19 is applicable during habitual offender proceedings, and thus the jury *1190 has the power in such circumstances to determine both the law and the facts.” Parker v. State, 698 N.E.2d 737, 742 (Ind.1998) (emphasis added). And numerous subsequent appellate decisions have noted Seay as applying the principles of Article 1, Section 19. State v. Barker, 826 N.E.2d 648, 649 (Ind.2005); McBride v. State, 785 N.E.2d 312, 316-17 (Ind.Ct.App.2003), trans. denied; Flake v. State, 767 N.E.2d 1004, 1007 (Ind.Ct.App.2002), trans. not sought; Smock v. State, 766 N.E.2d 401, 408 (Ind.Ct.App.2002), trans. not sought; Gonzalez v. State, 757 N.E.2d 202, 204-205 (Ind.Ct.App.2001), trans. denied; Womack v. State, 738 N.E.2d 320, 326 (Ind.Ct.App.2000), trans. denied.
Third, the majority acknowledges that the rejected jury instruction was a correct statement of law, but declares that it would have been inappropriate to inform the jury of this legal principle because of the effect it might produce. As correctly stated in the requested but refused instruction, “Even where the jury finds the facts of the prerequisite prior felony convictions to be uncontroverted, the jury still has the unquestioned right to refuse to find the Defendant to be a habitual offender at law.” Appellant’s App’x at 253. But the majority concludes that the substance of this instruction was adequately communicated to the jury by the following instruction: “[Y]ou have the right to determine both the law and the facts. The Court’s instructions are your best source in determining the Law.” Id. at 261. I cannot agree that this latter, broad, unspecific, and opaque instruction was adequate to inform the jury of the legal principal embodied in the defendant’s tendered instruction — a principal that was at the heart of the defendant’s defense on the habitual offender count.
Innocuous, generic, non-specific jury instructions are not an adequate substitute for plain-language advisements that meaningfully explain to jurors the reality of their rights and permissible function under the law.[3] In my view, the resulting obfuscation and secrecy is inconsistent with the Rule of Law.
Because I believe that the defendant was entitled to have the jury meaningfully instructed regarding its right to find in favor of a criminal defendant despite substantial contrary evidence, a historic right of American juries and one additionally preserved in Section 19 of the Indiana Bill of Rights, I dissent from the majority’s opinion.
RUCKER, J., concurs.

. Retired Arizona trial judge B. Michael Dann has recently explored this issue, expressing the view that "jurors deserve better and need more regarding the role the Constitution has in mind for them.” B. Michael Dann, "Must Find the Defendant Guilty” Jury Instructions Violate the Sixth Amendment, 91 Judicature 12, 17 (July-Aug. 2007). He advocates use of an instruction that would "impress upon jurors that the law applicable to the case comes from the judge, that the law should be given serious consideration, and that the power to acquit despite the law should be reserved for exceptionable cases that present jurors with strong issues of conscience.” Id. at 18.