## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Patricia Caress McMath
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Imari Butler,<br><br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br><br>*Appellee-Plaintiff.* | February 20, 2015<br><br>Court of Appeals Cause No. 49A04-1406-CR-284<br><br>Appeal from the Marion Superior Court.<br>The Honorable Kurt M. Eisgruber, Judge.<br>Cause No. 49G01-0904-PC-37693 |

**Sullivan, Senior Judge**

[1]     Imari Butler appeals his adjudication as an habitual offender. We affirm.

In 2009, Butler was charged with rape, a Class B felony;[1] criminal deviate conduct, a Class B felony;[2] robbery, a Class B felony;[3] two counts of criminal confinement, both Class C felonies;[4] sexual battery, a Class D felony;[5] and theft, a Class D felony.[6] In addition, Butler was charged with being an habitual offender under Indiana Code section 35-50-2-8 (2005).[7] Following a jury trial, he was found guilty of rape, criminal deviate conduct, criminal confinement and sexual battery. Butler then pleaded guilty to being an habitual offender. In the aggregate, Butler was sentenced to sixty years, including a thirty-year enhancement for his habitual offender adjudication. Butler's convictions were affirmed on appeal. *See Butler v. State*, 951 N.E.2d 641 (Ind. Ct. App. 2011).

In July 2012, Butler filed a petition for post-conviction relief, which he later amended in October 2013. Following a hearing on Butler's petition in December 2013, the post-conviction court found that the trial court had failed to advise Butler of his right to a jury trial on the habitual offender phase and

---

[1] Ind. Code § 35-42-4-1 (1998).

[2] Ind. Code § 35-42-4-2 (1998).

[3] Ind. Code § 35-42-5-1 (1984).

[4] Ind. Code § 35-42-3-3 (2006).

[5] Ind. Code § 35-42-4-8 (1998).

[6] Ind. Code § 35-43-4-2 (1985).

[7] Indiana Code section 35-50-2-8 was amended, effective July 1, 2014, to reflect the changes made to the designation of felonies in the criminal code. Because Butler was charged with the present offenses in 2009, the prior version of the statute is applicable here.

ordered his habitual offender adjudication and corresponding sentence enhancement set aside.

[4] On May 5, 2014, a jury trial was held solely on Butler's charge of being an habitual offender. The jury returned a verdict of guilty. As a result of his habitual offender adjudication, Butler was re-sentenced to a thirty-year enhancement to his sentence for his conviction of rape for an aggregate sentence of sixty years.[8] Butler now appeals his adjudication as an habitual offender.

[5] Butler raises two issues, which we restate as:

> I. Whether the trial court abused its discretion by refusing to give his tendered jury instruction.
>
> II. Whether the trial court abused its discretion by admitting certain evidence.

# I. Jury Instruction

[6] Butler contends that the trial court abused its discretion by refusing his tendered jury instruction. During his re-trial on the habitual offender charge, Butler tendered to the trial court Defendant's Proposed Instruction No. 1, which read: "Even if you find the State has proven the facts of the two prerequisite felony convictions to be true beyond a reasonable doubt, you still have the

---

[8] Butler's fifteen-year sentence for criminal deviate conduct was consecutive to his fifteen-year sentence for rape.

unquestioned legal right to find the accused is not a habitual offender."
Appellant's App. p. 157. The trial court refused this instruction.

[7] Instructing the jury lies solely within the discretion of the trial court, and we will reverse only upon an abuse of that discretion. *Elliott v. State*, 786 N.E.2d 799, 801 (Ind. Ct. App. 2003). When determining whether a trial court erroneously refused to give a tendered instruction, we consider the following: (1) whether the tendered instruction correctly states the law; (2) whether there was evidence presented at trial to support the giving of the instruction (this part of the test is not at issue in this case); and (3) whether the substance of the tendered instruction was covered by other instructions that were given. *Mayes v. State*, 744 N.E.2d 390, 394 (Ind. 2001).

[8] We turn now to the question of whether Butler's tendered instruction is a correct statement of the law. The substance of his tendered instruction is indeed found in *Seay v. State*, 698 N.E.2d 732 (Ind. 1998). There, our Supreme Court adopted the tenet that even where the jury finds the facts of the prerequisite prior felony convictions to be uncontroverted, the jury nevertheless has the unquestioned right to refuse to find the defendant to be an habitual offender. *Id.* at 734.

[9] With regard to the third part of the analysis, we look to the instructions given by the trial court. Here, the trial court instructed the jury with Instruction Number 2, which read: "Under the Constitution of Indiana you have the right to determine both the law and the facts. The court's instructions are your best

source in determining the law." Appellant's App. p. 160. The trial court also gave the jury Instruction Number 7, as follows in pertinent part: "The State may seek to have a person sentenced as a habitual offender for any felony by proving that the person has accumulated two (2) prior unrelated felony convictions. You may find the defendant to be a habitual offender only if the State has proven each of the following facts beyond a reasonable doubt . . . If the State fails to prove each of these facts beyond a reasonable doubt, you must find the defendant is not a habitual offender." *Id.* at 165. We note that in Instruction Number 7, the trial court reinforced the jury's discretion by instructing the jury that it "may" — not must —find the defendant to be a habitual offender "only if" the State proved two prior unrelated felony convictions. In addition, the trial court prohibited the jury from finding Butler to be a habitual offender, by instructing that it "must" find the defendant is *not* a habitual offender, if the State failed to prove the facts beyond a reasonable doubt. The trial court was "certainly not obligated to issue an invitation to the jury to disregard prior convictions in addition to informing the jury of its ability to determine the law and the facts." *See Walden v. State*, 895 N.E.2d 1182, 1186 (Ind. 2008). The substance of the information contained in the trial court's instructions and Butler's proposed instruction is the same. *See id.* at 1185-87 (holding that, in habitual offender phase of trial, trial court's instructions to the jury that it had right to determine law and facts of case and that it *may*, not must, find defendant to be habitual offender if two prior unrelated felony convictions are proved sufficiently covered substance of defendant's tendered

instruction that the jury could refuse to find that defendant was habitual offender even if evidence of prior felony convictions was uncontroverted).

[10] While we recognize that Butler's argument is a request for us to adopt the reasoning of the dissent in *Walden*, we must decline his invitation. We are obliged to follow precedent established by the Indiana Supreme Court. *Patton v. State*, 507 N.E.2d 624, 626 (Ind. Ct. App. 1987), *trans. denied*. More particularly, a view expressed in a dissenting opinion in a Supreme Court case is not a precedent binding on this Court. *New York Life Ins. Co. v. Bruner*, 129 Ind. App. 271, 275, 153 N.E.2d 616, 618 (1958). We find no abuse of discretion by the trial court in refusing Butler's Defendant's Proposed Instruction No. 1.

## II. Admission of Evidence

[11] Next, Butler asserts that the trial court abused its discretion by admitting State's Exhibits 104, 105, and 106 to prove his two prior unrelated felony convictions. The admissibility of evidence is within the sound discretion of the trial court, and we will not disturb the decision of the trial court absent a showing of abuse of that discretion. *Gibson v. State*, 733 N.E.2d 945, 951 (Ind. Ct. App. 2000). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* Only when the error affects the substantial rights of the moving party does a claim of error in the exclusion or admission of evidence prevail on appeal. *Nicholson v. State*, 963 N.E.2d 1096, 1099 (Ind. 2012).

[12] To establish that Butler was an habitual offender, the State had to prove beyond a reasonable doubt that he had been convicted of two prior unrelated felonies. *See* Ind. Code § 35-50-2-8. In order to prove two prior unrelated felony convictions, the State must prove that "the second prior unrelated felony conviction was committed after sentencing for the first prior unrelated felony conviction" and "the offense for which the state seeks to have the person sentenced as a habitual offender was committed after sentencing for the second prior unrelated felony conviction." Ind. Code § 35-50-2-8(c).

[13] At trial, the State introduced Exhibits 104, 105, and 106 to prove Butler's two prior unrelated felony convictions. Butler objected to these exhibits, and the trial court admitted them over his objection. Butler's objection to Exhibit 104, the officer's arrest report, and Exhibit 105, the charging information, was that the documents were prejudicial because they contained charges that did not result in convictions. Butler's objection to Exhibit 106, the abstract of judgment, was that the document contained an additional misdemeanor conviction.

[14] If, during a trial on an habitual offender charge, the State introduces evidence that the defendant has been convicted of more than two prior unrelated felonies and non-felonies, the introduction of such additional felonies and non-felonies is mere surplusage and therefore harmless. *Kyles v. State*, 888 N.E.2d 809, 814 (Ind. Ct. App. 2008) (citing *Wilson v. State*, 511 N.E.2d 1014, 1017 (Ind. 1987) and *Golden v. State*, 485 N.E.2d 51, 56 (Ind. 1985)). Thus, the trial court did not abuse its discretion in admitting Exhibit 106 containing an additional

misdemeanor conviction. However, with regard to Exhibits 104 and 105, Butler argues that additional charges not reduced to convictions are prejudicial in that the jury would be "much more likely to find him to be a habitual offender if it knew he had been charged with committing other offenses." Appellant's Br. p. 8. In light of the holding in *Kyles*, we fail to see how the inclusion of extraneous charges *not resulting in convictions* would prejudice the jury's otherwise appropriate decision.

[15] Further, we note that the trial court gave the jury limiting instructions. "[Y]our decision is to be based on what the convictions are as opposed to the charges, so your consideration is the convictions. This paperwork will contain other charges that were alleged, but that doesn't matter. It matters what he was convicted of only. You're not to consider that extraneous --- those extraneous charges for any purpose. It only matters what he was convicted of." Tr. pp. 48-49. Upon admitting Exhibit 105, the trial court admonished the jury as follows: "So State's Exhibit 105 includes numerous charges, some of which there was no conviction. You are not to give that any consideration, and that's the instruction I gave you earlier, and that is true for any of the charging informations. You only take into consideration what he was convicted of." *Id.* p. 68. Additionally, upon admitting Exhibit 106 over Butler's objection, the court admonished the jury: "The same instruction applies to the jury. Take into account only felony convictions." *Id.* at 69.

[16] When a limiting instruction is given that certain evidence may be considered only for a particular purpose, the law presumes that the jury will follow the trial

court's admonition. *Ware v. State*, 816 N.E.2d 1167, 1176 (Ind. Ct. App. 2004). Moreover, this Court presumes that a timely and accurate admonition cures any error in the admission of evidence. *Whiteside v. State*, 853 N.E.2d 1021, 1030 (Ind. Ct. App. 2006). Thus, any prejudice resulting from the superfluous information contained in the documents was mitigated by the court's immediate and repetitive admonishments.

[17] For the reasons stated, we conclude that the trial court did not abuse its discretion by refusing Butler's proposed instruction or in admitting into evidence Exhibits 104, 105, and 106.

[18] Affirmed.

[19] Baker, J., and Riley, J., concur.