Maurice K. SMITH, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 64S03–0406–CR–284.

Supreme Court of Indiana.

April 20, 2005.

Matthew D. Soliday, Valparaiso, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 64A03–0306–CR–204.

SULLIVAN, Justice.

Defendant Maurice K. Smith's sentence in this case was increased by 10 years because the trial court found him to be a "repeat sexual offender." He contends that the Indiana and United States Constitutions require a jury determination of repeat sexual offender status before such an enhancement may be imposed. We affirm the trial court's decision. Smith's rights under Article I, Section 19, of the Indiana Constitution are not implicated because the Legislature has not committed the determination of repeat sexual offender status to the jury. And the federal constitutional rule that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury" does not apply to "the fact of a prior conviction." The only facts at issue in determining repeat sexual offender status are a defendant's prior convictions.

**Background**

The facts most favorable to the judgment indicate that in September, 2002, the victim in this case, after quitting her job at a dance club, tried unsuccessfully to contact a friend to pick her up early. Maurice Smith offered to give the woman a ride to a bowling alley where she believed her friend to be. When she discovered that her friend was not there, the woman asked Smith to drive her back to the club. Instead of taking her back to the club, Smith stopped on the side of the road near a cornfield and railroad tracks. There, Smith locked the victim in the car, grabbed her by the neck, choked her, and demanded that she perform oral sex on him. After struggling with Smith, the victim finally managed to escape the car. She ran to a nearby house where she was

let in and dialed "911." She was taken to and examined at the hospital where she was found to have sustained many scratches, bruises, and abrasions.

Smith was charged with criminal deviate conduct, attempted rape, criminal confinement, intimidation, and battery. A jury found him not guilty of criminal deviate conduct, but guilty of all other charges. Under the terms of Indiana's Repeat Sexual Offender Statute, Indiana Code Section 35–50–2–14, to be discussed in detail *infra*, the trial court found Smith to be a repeat sexual offender based on two prior unrelated rape convictions. The court overruled Smith's challenge to the constitutionality of the Repeat Sexual Offender Statute, sentenced Smith to 20 years on the underlying convictions, and added 10 years based on his repeat sexual offender status, for a total of 30 years in the Indiana Department of Correction.

Smith appealed his convictions and sentence. He contended that the trial court committed reversible error by instructing the jury that the uncorroborated testimony of one witness was sufficient to sustain a conviction, in violation of our opinion in *Ludy v. State*, 784 N.E.2d 459 (Ind.2003). Arguing that the Indiana and United States Constitutions require the jury to determine any facts that provide the basis for an enhanced sentence, Smith also asserted that it was unconstitutional for the court, rather than the jury, to find him to be a repeat sexual offender. The Court of Appeals affirmed Smith's convictions, but vacated his repeat sexual offender adjudication and sentence enhancement, finding that Indiana Code Section 35–50–2–14 violated the Indiana Constitution. Having found the statute unconstitutional on state grounds, it did not need to, and did not address, the federal issue. *Smith v. State*, 804 N.E.2d 1246 (Ind.Ct.App.2004).

Both parties sought transfer, Smith asking us to review the *Ludy* issue [1] and the State asking us to examine the constitutional claim. We now grant transfer, Ind. Appellate Rule 58(A), and affirm the judgment of the trial court.

### Discussion

The Repeat Sexual Offender Statute provides:

(a) The state may seek to have a person sentenced as a repeat sexual offender for a sex offense under IC 35–42–4–1 through IC 35–42–4–9 or IC 35–46–1–3 by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated one (1) prior unrelated felony conviction for a sex offense under IC 35–42–4–1 through IC 35–42–4–9 or IC 35–46–1–3.

(b) After a person has been convicted and sentenced for a felony committed after sentencing for a prior unrelated felony conviction under IC 35–42–4–1 through IC 35–42–4–9 or IC 35–46–1–3, the person has accumulated one (1) prior unrelated felony conviction. However, a conviction does not count for purposes of this subsection, if:

(1) it has been set aside; or

(2) it is one for which the person has been pardoned.

(c) The court alone shall conduct the sentencing hearing under IC 35–38–1–3.

(d) A person is a repeat sexual offender if the court finds that the state has proved beyond a reasonable doubt that the person had accumulated one (1) prior unrelated felony conviction under IC 35–42–4–1 through IC 35–42–4–9 or IC 35–46–1–3.

(e) The court may sentence a person found to be a repeat sexual offender to an additional fixed term that is the presumptive sentence for the underlying offense. However, the additional sentence may not exceed ten (10) years.

Ind.Code § 35–50–2–14 (2004).

Smith argues that the statute is unconstitutional under Article I, Section 19, of the Indiana Constitution, which provides, "In all criminal cases whatever, the jury shall have the right to determine the law and the facts." Ind. Const. art. I, § 19. Smith bases this argument largely on our holding in *Seay v. State*, 698 N.E.2d 732 (Ind.1998). He also contends that the statute violates the Sixth Amendment to the United States Constitution as interpreted by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny.

The State maintains that the Repeat Sexual Offender Statute is constitutional under both the Indiana and United States Constitutions. The State argues that the Court of Appeals misapplied and misinterpreted *Seay* and that the statute meets an exception to the general rule of *Apprendi*.

### I

*Seay* involved a proceeding under our state's Habitual Offender Statute which provided, "A person is [a] habitual offender if the jury ... finds that the state has proved beyond a reasonable doubt that the person had accumulated two (2) prior unrelated felony convictions." Ind.Code § 35–50–2–8(d) (Supp.1985). *See Seay*, 698 N.E.2d at 733. As is apparent from the language of this statute, the Legislature has entrusted the determination of whether a person is a habitual offender to the jury. In Seay's case, the trial court

---

1. We summarily affirm the portion of the decision of the Court of Appeals on this issue.

Ind. Appellate Rule 58(A)(2).

instructed the jury that the jury was the judge of only the facts, and not the law; the jury found him to be a habitual offender, and his sentence consequently was enhanced by 30 years. Seay sought post-conviction relief, arguing that the jury instruction did not give the jury the opportunity to be the judge of the law, as well as of the facts, and therefore violated Article I, Section 19, of the Indiana Constitution. *Seay*, 698 N.E.2d at 733.

The somewhat subtle point at stake in *Seay* was whether the jury had the freedom to determine that Seay was not a habitual offender even if it found that the State had proved beyond a reasonable doubt that he had accumulated the requisite prior felony convictions. Finding that the Legislature intended for the jury to make a determination beyond the factual findings on the habitual offender status, we held that "[t]he jury was the judge of both the law and facts as to that issue and it was error to instruct the jury otherwise." *Id.* at 737.

As is clear from the text of the Repeat Sexual Offender Statute set forth *supra*, the Legislature has not provided that determination of this status be submitted to the jury. Smith's argument is that "the failure to allow the jury to find [his] status as a non-habitual offender directly contradicts the holding in *Seay*." Br. of Appellant at 10. Acknowledging that the right to have repeat sexual offender status determined by a jury has not yet been decided by this Court, Smith contends that "[t]he fact that the right has been extended in all other habitual offender cases, coupled with Article [I, Section] 19, which makes cases such as *Seay* applicable to 'all criminal cases whatever,' results in an error for

failure to extend the right to Smith during his trial." *Id.* at 11.

■ We disagree with Smith's application of *Seay*. As just noted, the Habitual Offender Statute at issue in *Seay* specifically assigned to the jury the duty to determine the status of a habitual offender. This Court in *Seay* recognized the importance that the Legislature placed on the jury determination of habitual offender status:

> If the legislature had intended an automatic determination of habitual offender status upon the finding of two unrelated felonies, there would be no need for a jury trial on the status determination. In this case, what was at issue was the jury's ability to find Seay to be a habitual offender (or not to be a habitual offender) irrespective of the uncontroverted proof of prior felonies.

*Seay*, 698 N.E.2d at 736–37 (citation and footnote omitted). Again, at issue in *Seay* was whether the Legislature had entrusted the jury with determining whether the defendant was a habitual offender or merely whether he had committed the predicate offenses. The case did not speak to the issue Smith raises: whether the Constitution requires such a determination to be made by the jury at all.

The paragraph quoted above from *Seay* certainly suggests that under Article I, Section 19, the Legislature could structure an "automatic" sentencing enhancement scheme without "a jury trial on the status determination." That is what we believe the Legislature has done in the case of the Repeat Sexual Offender Statute.[2] And we hold that Article I, Section 19, of the Indiana Constitution so permits.

---

2. The Repeat Sexual Offender Statute was enacted in 1999, the year after *Seay* was handed down. Pub.L. No. 214–1999, § 4.

In a moment, we will turn our attention to *Apprendi* in which the United States Supreme Court held that the Sixth Amendment right to trial by jury (applied to the states through the Due Process Clause of the Fourteenth Amendment), required that a jury make the factual determination of authorizing an increase in the maximum prison sentence. Smith makes no claim that his right to trial by jury under Article I, Section 13, of the Indiana Constitution has been violated, and we express no opinion with respect thereto.

## II

Smith argues that even if the statute is constitutional under the Indiana Constitution, it violates the United States Constitution as interpreted by the Supreme Court in *Apprendi* and its progeny. He contends that *Apprendi* entitles him to a jury determination on the fact of whether or not he is a repeat sexual offender. While the general rule of *Apprendi* is that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury," the State argues that *Apprendi* contains an exception to that general rule for "the fact of a prior conviction." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. The Repeat Sexual Offender Statute increased Smith's sentence based on the facts of his prior convictions for sexual offenses, the State maintains, and so falls outside *Apprendi's* requirement for a jury determination.

We agree with the State's contention.

*Apprendi*, of course, was the first of several cases over the last five years in which a narrowly divided United States Supreme Court has provided guidance as to the respective roles that the Sixth and Fourteenth Amendments allocate to the judge and jury in criminal sentencing. In *Apprendi*, the defendant had fired several bullets into the home of an African–Ameri-

can family. *Id.* at 469, 120 S.Ct. 2348. He pled guilty to weapons possession charges. *Id.* at 469–70, 120 S.Ct. 2348. The trial court, finding by a preponderance of the evidence that the shooting was racially motivated, increased Apprendi's sentence under New Jersey's hate crime statute. Apprendi appealed, arguing that "the Due Process Clause of the United States Constitution requires that the finding of bias upon which his hate crime sentence was based must be proved to a jury beyond a reasonable doubt." *Id.* at 471, 120 S.Ct. 2348. The United States Supreme Court agreed that the Sixth and Fourteenth Amendments required that a jury must make the determination as to whether the shooting was racially motivated. The Court's holding specified: *"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."* *Id.* at 490, 120 S.Ct. 2348 (emphasis added). The Court has recited this same formulation in its more recent cases, *United States v. Booker*, 543 U.S. ——, ——, 125 S.Ct. 738, 746, 160 L.Ed.2d 621 (2005) (Scalia, J.), and *Blakely v. Washington*, 542 U.S. 296, ——, 124 S.Ct. 2531, 2536, 159 L.Ed.2d 403 (2004).

But neither *Apprendi*, *Blakely*, nor *Booker* have actually involved "a fact of a prior conviction" and so the High Court itself has had no occasion to explore the phrase's meaning. The "fact of a prior conviction" language was included in *Apprendi* because the *Apprendi* Court was required to distinguish its relatively recent decision in the case of *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *Almendarez–Torres* involved a challenge to the constitutionality of a statute that authorized a substantially increased prison sentence for an alien who illegally returned to the Unit-

ed States after having been deported when the initial deportation was subsequent to a conviction for commission of specified "aggravated felonies." Almendarez–Torres admitted that he had been deported, that he later unlawfully returned to the United States, and that his deportation had taken place subsequent to three earlier convictions for aggravated felonies. *Id.* at 227, 118 S.Ct. 1219. However, he argued that given his Fifth Amendment right to indictment by a grand jury, the court could not impose an increased sentence because "an indictment must set forth all the elements of a crime" and "his indictment had not mentioned his earlier aggravated felony convictions." *Id.* (citation omitted).

The *Almendarez–Torres* Court concluded that the fact of a prior conviction was a sentencing factor, rather than a separate crime, and so there was no requirement for the prior convictions to be stated in the indictment. *Id.* at 226, 118 S.Ct. 1219. The Court said:

> [L]ower courts have almost uniformly interpreted statutes (that authorize higher sentences for recidivists) as setting forth sentencing factors, not as creating new crimes (at least where the conduct, in the absence of the recidivism, is independently unlawful). And we have found no statute that clearly makes recidivism an offense element in such circumstances.

*Id.* at 230, 118 S.Ct. 1219 (citations omitted).

*Almendarez–Torres*, therefore, presented the following question for the *Apprendi* Court: If the sentencing factor at issue in *Almendarez–Torres* did not constitute a separate element of a crime for constitutional purposes, then why did the sentencing factor at issue in *Apprendi* do so? Because the sentencing factor at issue in *Almendarez–Torres* was "the fact of a prior conviction," the *Apprendi* Court was able to say that

> [b]oth the certainty that procedural safeguards attached to any "fact" of prior conviction, and the reality that Almendarez–Torres did not challenge the accuracy of that "fact" in his case, mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a "fact" increasing punishment beyond the maximum of the statutory range.

*Apprendi*, 530 U.S. at 488, 120 S.Ct. 2348 (footnote omitted).

But although the *Apprendi* Court said that "the fact of a prior conviction" distinguished that case from *Almendarez–Torres*, it pointedly did not rule on whether *Apprendi* overruled *Almendarez–Torres*. Rather, the *Apprendi* Court said,

> Even though it is arguable that *Almendarez–Torres* was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested, Apprendi does not contest the decision's validity and we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule....

*Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348 (footnote omitted). More recently, the Court said that in *Apprendi*, it had "reserv[ed] judgment as to the validity of *Almendarez–Torres*." *Dretke v. Haley*, 541 U.S. 386, 124 S.Ct. 1847, 1853, 158 L.Ed.2d 659, —— (2004). And as recently as this term, the Court has again left open the question of whether *Apprendi* applies to prior convictions. *See Shepard v. United States*, —— U.S. ——, —— n. 5, 125 S.Ct. 1254, 1263 n. 5, 161 L.Ed.2d 205, —— n. 5 (2005).

It certainly can be argued that *Apprendi* only held that the issue in *Almendarez–Torres* was distinguishable and left open

the question of whether recidivist enhancements are subject to jury determination.[3] But in the years since *Apprendi* was decided, there has appeared to be almost total consensus that due process and the Sixth Amendment do not require a jury determination to impose a recidivist sentencing enhancement. *See, e.g., United States v. Orduno–Mireles,* No. 04–12630, 2005 WL 768134, at *3 n. 3, 2005 U.S.App. LEXIS 5442, at *7 n. 3 (11th Cir. Apr. 6, 2005); *United States v. Moore,* 401 F.3d 1220 (10th Cir.2005); *United States v. Skidmore,* 254 F.3d 635, 642 (7th Cir.2001) (citing cases); *People v. Thomas,* 91 Cal. App.4th 212, 110 Cal.Rptr.2d 571, 577–78 (2001) (citing cases).

The reason that a jury determination is not required to impose a recidivist sentencing enhancement is set forth in *Apprendi* itself as well as in *Almendarez–Torres.* Where there has been a prior conviction, either the defendant has admitted or a jury has made a determination beyond a reasonable doubt that the defendant has committed a particular crime. This is "the certainty that procedural safeguards attached to any 'fact' of prior conviction" of which the Court in *Apprendi* speaks. *Apprendi,* 530 U.S. at 488, 120 S.Ct. 2348.

■ The doctrine of res judicata provides a second justification for not requiring a jury determination to impose a recidivist sentencing enhancement. Res judicata dictates that "a judgment rendered on the merits is an absolute bar to a subsequent action between the same parties or those in privity with them on the same claim or demand." *Gill v. Pollert,* 810 N.E.2d 1050, 1057 (Ind.2004)

(quoting *Sullivan v. American Cas. Co.,* 605 N.E.2d 134, 137 (Ind.1992)). It "prevents the repetitious litigation of that which is essentially the same dispute." *Ben–Yisrayl v. State,* 738 N.E.2d 253, 258 (Ind.2000) (citations omitted). Requiring a jury to find the fact of a prior conviction would constitute such repetitious litigation because the jury would be presented with the facts of a prior jury's conclusion.

■ We hold that the Sixth and Fourteenth Amendments do not require a jury determination of the fact of a prior conviction in order to impose a recidivist sentencing enhancement.

Smith appears to concede that under *Apprendi,* the determination of whether an individual is a repeat sexual offender does not need to be made by a jury. Smith, however, argues that the statute is unconstitutional because it gives the court, rather than the jury, discretion as to whether it will impose the repeat sexual offender *status* onto a defendant after the defendant has already been found to be a repeat sexual offender. In other words, Smith argues that the statute would likely not be problematic if it *required* the court to increase a defendant's sentence based on the finding of repeat sexual offender status. Smith explains,

> The legislature's choice of the word "may," forces a judge to determine facts besides just that of repeat [sexual] offender status when weighing what sentence a person should receive. Under *Apprendi,* it is impermissible for the judge to determine other facts, with [the] exception of repeat [sexual] offend-

<hr>

**3.** Indeed, the Court's treatment of *Almendarez–Torres* may turn out to be the same as its treatment of *Walton v. Arizona,* 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990). The Supreme Court said in *Apprendi,* 530 U.S. at 496–97, 120 S.Ct. 2348, that the rule of *Walton* was distinguishable and then subsequently held in *Ring v. Arizona,* 536 U.S. 584, 609, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), that *Apprendi* overruled *Walton.*

er status, thereby removing the duty of fact finder from the jury.

Br. for Appellant at 12–13. Smith argues that although the jury need not make a factual determination of his prior sex offenses, he still has the right under *Apprendi* to have the jury make a determination of his repeat sexual offender status. But this is the same issue that we resolved against Smith in Part I. Although the Legislature made a distinction between finding the fact of a prior conviction and finding the status of a defendant with a prior conviction in the Habitual Offender Statute at issue in *Seay*, it did not make such a distinction when drafting the Repeat Sexual Offender Statute. Nothing in *Apprendi* or its progeny suggests that it was required to do so.

### Conclusion

Finding Indiana Code Section 35–50–2–14 to be constitutional under both the Indiana and United States Constitutions, and having summarily affirmed the decision of the Court of Appeals as to the issue referred to in Footnote 1, we affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.