**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**AMY E. KAROZOS**
Special Assistant to the State Public Defender
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM ZOLLINGER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  20A03-1211-PC-450 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT 3
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-0704-PC-8

July 9, 2013

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, the appellant-petitioner William Zollinger is appealing the denial of his petition for post-conviction, claiming that the State improperly withheld exculpatory evidence from him in accordance with Brady v. Maryland.[1]  More specifically, Zollinger asserts that there was evidence that the State did not supply him with information prior to trial regarding possible leniency and a sentence modification in exchange for a witness's testimony against him.  Zollinger further maintains that the post-conviction court erred in refusing to admit a witness's affidavit into evidence and that he should have been granted a brief continuance so an incarcerated witness could testify at the hearing.

We note that Zollinger already argued in his direct appeal that the State improperly withheld exculpatory evidence from him regarding a witness's testimony against him.  That issue was decided adversely to him, and because Zollinger is again attempting to relitigate this issue as a freestanding claim of error, the claim is res judicata.  Moreover, although Zollinger appears to assert that his trial counsel failed to adequately investigate whether the witness would receive leniency or a sentence modification in exchange for her testimony against him, the record demonstrates that defense counsel vigorously cross-examined the witness at trial regarding these issues.

Finally, we conclude that the post-conviction court did not abuse its discretion in denying Zollinger's motion to continue the evidentiary hearing.  As a result, we affirm the denial of Zollinger's request for post-conviction relief.

---

[1]  373 U.S. 83 (1963).

FACTS

The facts, as reported in Zollinger's direct appeal, are that

> Around 11:30 p.m. on October 25, 2004, a magistrate in Elkhart County issued a search warrant for the "residence of [Zollinger] and Tonya Hernandez, 1006 Zollinger Road, Goshen[.]" At approximately 12:45 a.m. on October 26, 2004, police officers executed the warrant by breaking down the door of the residence, entering the home, and loudly announcing themselves. Inside, the police found Zollinger and Hernandez asleep in a bed in one bedroom and two small children asleep in a separate bedroom. The search of the premises revealed 294 grams of marijuana, approximately 159 grams of methamphetamine, a handgun on a nightstand beside the bed in which Zollinger and Hernandez had been sleeping, a box of baggies in a drawer, and a scale.
>
> The State originally charged Zollinger with possession of a handgun without a license, possession of three or more grams of methamphetamine with intent to deliver, and possession of thirty or more grams of marijuana. However, prior to trial, the State dismissed the handgun count. In late September 2005, a jury found Zollinger guilty on the two remaining counts. On October 20, 2005, the court entered judgment of conviction and sentenced Zollinger to a forty-year term on the dealing count and a three-year term on the possession count, to be served concurrently.

Zollinger v. State, No. 20A03-0603-CR-91, memo op. at 2-3 (Ind. Ct. App. Nov. 30, 2006).

Zollinger directly appealed to this court, raising three issues. Zollinger first claimed that the evidence was insufficient to prove that he constructively possessed methamphetamine. Id. We rejected that contention and determined that the evidence, including the receipt of mail at the house, the presence of clothing there, and cross-examining Hernandez, was sufficient to show that Zollinger lived there. Thus, we concluded that the evidence was sufficient to support Zollinger's convictions. Id. at 2.

3

Zollinger also alleged that the trial court improperly limited his cross-examination of Hernandez. Hernandez testified that the State had not made any promises to her about sentence modification if she testified against Zollinger. Id. On cross-examination, Zollinger attempted to introduce a letter that Hernandez had written to him that stated:

> Ronnie seems to think that he's only getting 20 do 10. I'll tell you this if he gets less than me he fsnitched [sic]. This is his 3d time around. It's my first and I got 28 (All I got is there [sic] work for a modification) Sounds crazy, but I'm tired of sitting here. I probably am stuck here until your trial.

Id. (quoting Ex. C). Zollinger argued that the letter implied that the State had promised Hernandez a sentence modification and that the jury should have been permitted to hear that information. However, the trial court refused to admit the letter into evidence. Id. In affirming the trial court's exclusion of the letter, we quoted Hernandez's testimony which revealed that she had merely hoped for a modification but had never been promised one:

> Q. And you're hoping to get a modification, aren't you?
>
> A. No. I mean, I would hope I get one, but, it's not guaranteed that I get one.
>
> Q. With respect to the statements regarding modification that came up. You indicated that you certainly hope to be modified, is that right?
>
> A. Ya, I hope so.
>
> Q. Ok. <u>Has the State done anything to encourage you in the hope</u>?
>
> A. <u>No.</u>
>
> Q. All right. As you indicated, you were going to be called here as a witness in any event, is that right?

4

A. Ya, I was gonna-regardless, I would have been called whether it was willingly or not.

Slip op. at 8-10 (emphasis added).

We further pointed out in Zollinger's direct appeal that the State argued at Hernandez's hearing for the imposition of a lengthier term than what was actually ordered. Id. at 4. We also recognized other circumstances establishing that the trial court had properly excluded the letter that Zollinger had offered:

> Recognizing Hernandez's potential bias, and faced with Zollinger's request that her letter be introduced into evidence, the trial court properly arranged for examination of Hernandez outside the jury's presence. During that examination, Hernandez confirmed that the State had not offered to modify her sentence if she testified against Zollinger. Indeed, according to Hernandez, the State had been "quite clear" that she would receive "nothing"—let alone a promise of modification—in addition for her testimony. She went on to state, "I got twenty eight years, sir. I am hoping for a modification. That is all I'm hoping for." In addition, Hernandez noted that her attorney had stated that testifying "might" help, but that "it's not a guarantee." When the jury was brought back, Hernandez reiterated that no promises were made by the State.

Id. at 5 (emphasis added). In light of the above, it was determined that Hernandez's letter was not inconsistent with her testimony and it did not add anything to it. Id. Moreover, it was noted that the letter had the real "possibility of confusing the jury or injecting improper bias." Thus, we affirmed the trial court's exclusion of the letter. Finally, we concluded that Zollinger's forty-year sentence was appropriate. Id. at 8.

On April 11, 2007, Zollinger filed a petition for post-conviction relief, alleging among other things, that his trial counsel was ineffective for failing to introduce evidence

5

that the State had promised Hernandez a sentence modification in exchange for her testimony.

Although the post-conviction court appointed counsel for Zollinger, the State public defender withdrew its appearance on December 27, 2007. Thereafter, on February 13, 2008, the post-conviction court held a telephonic conference with a deputy public defender. The deputy public defender represented that the office had difficulty finding counsel to represent Zollinger but informed the post-conviction court that Amy E. Karozos had agreed to do so, provided that no evidentiary hearing would occur earlier than one year from the date that she entered her appearance. The post-conviction court agreed not to schedule any hearing prior to that time. On March 5, 2008, the State Public Defender filed its notice of appointment of outside counsel, and Karozos filed her appearance on November 25, 2008.

On February 29, 2012, the court sua sponte scheduled Zollinger's case for an evidentiary hearing on June 7, 2012. Zollinger filed his witness and exhibit list by certified mail on May 31, 2012.

The post-conviction court conducted an evidentiary hearing on June 7, 2012. During the hearing, Zollinger presented no live testimony and proffered affidavits from Hernandez and his appellate counsel, Patricia McMath. Zollinger had provided Hernandez's affidavit to the State approximately one week before the hearing. Hernandez averred in her affidavit that the police came to visit her at the jail and told her that they would "look favorably" on a sentence modification in the future if she would

6

testify against Zollinger. Ex. A. The State received McMath's affidavit on the morning of the hearing. The State objected to the introduction of both affidavits on the grounds that they did not timely receive them, the affidavits contained hearsay, and that cross-examination would be necessary to rebut Zollinger's contentions.

The post-conviction court excluded the Hernandez affidavit after concluding that it contained double hearsay. The affidavit of McMath regarding the ineffective assistance of trial counsel was also excluded after Zollinger confirmed that he was not challenging the effectiveness counsel. Although Zollinger proffered Hernandez's motion for modification that was filed on July 11, 2006, the post-conviction court admitted the motion only for the purpose of demonstrating that it had been filed. Hernandez's affidavit stated that she was "not guaranteed a sentence modification" in exchange for her testimony. Pet. Ex. A.

The post-conviction court denied Zollinger's motion for a continuance to permit Hernandez to be transported to the hearing, who was an inmate at the Rockville Correctional Facility, to testify. The post-conviction court admitted Hernandez's affidavit regarding a possible sentence modification only for the purpose of showing that it had been filed, but not for the truth of the matters asserted regarding possible sentencing leniency.

Following the hearing, the post-conviction court denied Zollinger's request for relief on October 2, 2012. In relevant part, it was determined that

7

16.  The court of Appeals . . . has determined that the evidence presented at Petitioner's trial was sufficient to sustain Petitioner's conviction.  The Court also found that the trial court did not err in limiting the defense's cross examination of . . . Hernandez and that Petitioner's sentence was appropriate.  Those issues are, therefore, res judicata.

17.  Notwithstanding the foregoing, . . . issues waived may be properly presented in support of a claim of ineffective assistance of counsel, whereas free-standing claims of error which have been waived are not available in a post-conviction proceeding.  Timberlake, at 597-98.  In this case, the Court of Appeals rejected Petitioner's insufficiency of evidence claim and upheld Petitioner's conviction. The court also addressed Petitioner's contention that the court wrongfully limited his defense.  Issues raised by those claims are, therefore, res judicata.  Petitioner's complaints of ineffective assistance of trial and appellate counsel constitute a maneuver intended to avoid the finality of the Court of Appeals decision.  Nevertheless, the court will address those claims.

. . .

20.  In the instant case, Petitioner contends that he was denied the effective assistance of trial counsel because his attorney, James Stevens, deceased, failed to adequately investigate the facts and circumstances of his case in order to disclose evidence that State's witness, Tonya Hernandez, was promised favorable treatment in exchange for her testimony against Petitioner at trial.

21.  The record establishes that attorney Stevens rigorously cross-examined State's witness Tonya Hernandez with respect to her alleged motivation for testifying. . . .   The [Court of Appeals] noted trial counsel's "intense cross-examination" of Hernandez.  The court concluded that the State provided evidence sufficient to prove that Petitioner constructively possessed methamphetamine.

22.  Additionally, the matter of whether . . . Hernandez was promised sentencing leniency in exchange for testifying against Petitioner was raised and addressed by the Indiana Court of Appeals in conjunction with Petitioner's argument that the trial court erred in limiting defense counsel's cross examination of Ms. Hernandez.  Petitioner is merely couching this issue for reconsideration as an ineffective assistance of counsel claim.  Nevertheless, Petitioner's current complaint that his trial counsel was ineffective for failing to introduce that evidence fails.  The record clearly establishes that trial counsel attempted to introduce a letter from Hernandez

8

to Petitioner in an effort to impeach Hernandez regarding her motivation for testifying, that the trial court permitted voir dire examination of . . . Hernandez regarding the letter outside the presence of the jury, and that during redirect examination, trial counsel questioned Hernandez in this regard. . . . The Court of Appeals found that the voir dire examination of Hernandez as arranged for by the trial court, as well as her testimony, established that the State had made no promises to her, and that she was going to testify nonetheless. Id.

23. Trial counsel's performance is evident from the record. Further, the Indiana Court of Appeals has concluded that it was not error to permit the testimony of Tonya Hernandez. For these reasons, it cannot be said that attorney Stevens' representation of Petitioner fell below objective standards of reasonableness based on prevailing professional norms. Moreover, given the totality of the evidence presented at trial, it is improbable that the outcome of Petitioner's trial would have been different. Thus, the court finds that trial counsel's performance was not deficient. The court further finds that Petitioner suffered no unfair prejudice as a result of the performance of trial counsel. Petitioner has failed to meet the burden of persuading this court that his trial counsel was ineffective.

. . .

25. In the instant case, appellate counsel . . . McMath raised three (3) issues on direct appeal, two (2) of which Petitioner raised yet again in this proceeding. This court has determined that Petitioner's trial counsel was not ineffective. Accordingly, Petitioner has not carried his burden of establishing that appellate counsel was ineffective for failing to raise that issue on direct appeal. In fact, the issues presented herein were raised and determined on appeal. Petitioner's ineffective assistance of appellate counsel claim also fails.

Zollinger now appeals.

9

## DISCUSSION AND DECISION

### I. Standard of Review

The petitioner bears the burden of establishing the grounds for post-conviction relief by a preponderance of the evidence. <u>See</u> Ind. Post-Conviction Rule 1(5); <u>Timberlake v. State</u>, 753 N.E.2d 591, 597 (Ind. 2001). Post-conviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. <u>Timberlake</u>, 753 N.E.2d at 597. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the post-conviction rules. <u>Id.</u>

If an issue was known and available, but not raised on direct appeal, it is waived. <u>Id.</u> We also note that a petitioner who has been denied post-conviction relief faces a "rigorous standard of review" on appeal. <u>Dewitt v. State</u>, 755 N.E.2d 167, 170 (Ind. 2001). The post-conviction court's denial of relief will be affirmed unless the petitioner shows that the evidence leads "unerringly and unmistakably to a decision opposite that reached by the post-conviction court." <u>McCary v. State</u>, 761 N.E.2d 389, 391 (Ind. 2002).

### II. Zollinger's Claims

### A. Exculpatory Evidence

Notwithstanding the post-conviction court's order regarding alleged ineffective assistance of counsel, Zollinger frames the issue in this appeal as to whether he was denied due process of law because the State improperly withheld evidence under <u>Brady</u> that related to Hernandez's contention that she would receive consideration of a

modification of sentence in her case. More specifically, Zollinger claims that the unwritten agreement between the State and Hernandez is "material" under Brady v. Maryland and the State's suppression of such evidence . . . violated his constitutional right to due process, warranting a new trial." Appellant's Br. p. 14.

In resolving this issue, we note that Zollinger has already presented this precise issue on direct appeal regarding the disclosure of an alleged sentence modification agreement between the State and Hernandez that he is now asserting on post-conviction relief. As the post-conviction court correctly determined, this claim is res judicata. See State v. Holmes, 728 N.E.2d 164, 168 (Ind. 2000) (holding that the doctrine of res judicata prevents the repetitious litigation of that which is essentially the same dispute). Res judicata also dictates that a judgment rendered on the merits is an absolute bar to a subsequent action between the same parties on the same claim or demand. Smith v. State, 825 N.E.2d 783, 789 (Ind. 2005).

Issue preclusion, which is also referred to as collateral estoppel, precludes relitigation of issues actually and necessarily decided in an earlier litigation between the same parties. Scott v. Scott, 668 N.E.2d 691, 699 (Ind. Ct. App. 1999). Moreover, "[a] petitioner for post-conviction relief cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define the alleged error." Ben-Yisrayl, 738 N.E.2d at 258.

In Zollinger's direct appeal, we observed that his counsel subjected Hernandez to "intense cross-examination," in an effort to discover whether she had received any

11

promises of sentence modification or other leniency from the State in exchange for her testimony against Zollinger. Slip op. at 8-10. It was determined that Zollinger could only show that Hernandez had a "hope" of leniency, and the State had not promised her any sentence modification. Id. at 10.

Because this issue has already been decided, Zollinger may not receive a second review of this claim by contending that there was a violation of due process, rather than by arguing, as he did in his first appeal, that the trial court abused its discretion and limited its cross-examination of Hernandez. Indeed, the claim as to whether the State failed to disclose a sentence modification agreement with Hernandez had already been decided adversely to him on direct appeal. See Godby v. State, 809 N.E.2d 480, 483-84 (Ind. Ct. App. 2004) (holding that freestanding claims of due process violations are procedurally defaulted on post-conviction because they are claims that would be known and available on direct appeal); see also Bunch v. State, 778 N.E.2d 1285, 1289 (Ind. 2002) (observing that freestanding claims of fundamental error cannot be raised on post-conviction even if they have not been previously litigated). As a result, Zollinger's rephrasing of his claim from his direct appeal as a fundamental error claim in post-conviction proceedings avails him of nothing. Therefore, Zollinger's contention is res judicata because the precise issue that he now raises was decided adversely to him on direct appeal.

## B. Continuance of Post-Conviction Hearing

Zollinger next argues that the post-conviction court erred in denying his request to continue the evidentiary hearing. Zollinger argues that the post-conviction court should have permitted a brief continuance "to permit Hernandez to be transported to testify or to allow the prosecuting attorney the opportunity to submit a counter affidavit" regarding an alleged promise of leniency. In short, Zollinger claimed that he was not prepared for the evidentiary hearing. Appellant's Br. p. 8.

We review a trial court's ruling on a continuance that is not required by statute for an abuse of discretion. Carter v. State, 686 N.E.2d 1254, 1261 (Ind. 1997). The denial of a motion for continuance is reversible only when it constitutes an abuse of discretion and the record demonstrates that the defendant was prejudiced. Beverly v. State, 543 N.E.2d 1111, 1113 (Ind. 1989). We consider the totality of the circumstances in determining whether there was adequate time to prepare, including the complexity of the issues, the necessity for pretrial motions, the necessity to interview witnesses, and whether the defendant can assist in the preparation. Carter, 686 N.E.2d at 1261.

In this case, Zollinger's post-conviction case had been pending for over five years. Appellant's App. p. 16. The post-conviction court had already delayed scheduling a hearing for over one year at the request of Zollinger's counsel, counsel had been provided with over three months' notice to prepare for the hearing, and Zollinger had not requested a continuance prior to the hearing. Id. at 16-19. Also, there was no representation by

13

Zollinger's counsel as to when Zollinger might be able to secure Hernandez's presence to testify. Tr. p. 8.

In light of these circumstances, the post-conviction court properly expected Zollinger to be prepared for the hearing. As a result, Zollinger has failed to show that the post-conviction court abused its discretion in denying Zollinger's motion for a continuance when he claimed that he was unprepared for the hearing.

We also note that the denial of the continuance did not prejudice Zollinger. Indeed, as discussed above, Zollinger would not have been entitled to relief on this issue because it had already been decided on direct appeal. Indeed, Hernandez's testimony would have not affected the finding that this issue has been already decided adversely to Zollinger. Indeed, as described above, Hernandez stated in her affidavit that she "was not guaranteed" any sentence modification or leniency. Tr. p. 49-51. As a result, we conclude that the post-conviction court properly denied Zollinger's motion to continue the hearing.

The judgment of the post-conviction court is affirmed.

MAY, J., and MATHIAS, J., concur.