**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 28 2014, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**SAMMIE L. BOOKER-EL**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SAMMIE L. BOOKER-EL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1304-CR-366 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
Cause No. 48C01-0112-CF-398

**April 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Sammie L. Booker-El appeals from the denial of his motion for relief from judgment and motion to correct error contending that the trial court erred by denying his motions.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

The facts supporting Booker-El's convictions were set forth in our opinion affirming his convictions in his direct appeal and in our memorandum decision affirming the denial of his petition for post-conviction relief as follows:

> Felicia Chapman hired Booker to care for her two daughters—D., age seven and D.H., age six—in November 2001. On December 22, 2001, D. complained of a burning sensation when she urinated. The following day, D. was in severe pain, so Chapman's ex-husband took D. to the hospital. In the emergency room, a yellow vaginal discharge was noticed, and part of the discharge was taken as a sample to be tested. The laboratory reported that gonorrhea was present in the discharge. In response to some questions, D. told a treating nurse that "Sammie" had come into her bed at night. When the nurse asked D. if "Sammie" had touched her where he should not have, D. replied in the negative. However, a family case manager from the Madison County Division of Family and Children—called by hospital personnel—interviewed D. D. told the case manager that Sammie—and no one else—had touched her private areas. Hospital personnel ran tests on D.H., which showed that she was infected with gonorrhea as well. Chapman, her husband, and Booker were tested for gonorrhea, but only Booker tested positive for the disease.
>
> On December 26, 2001, Anderson Police Department Detective Heather McClain interviewed Booker. During the interview, which was videotaped, Booker admitted to Detective McClain that his finger may have "accidentally" entered D.'s or D.H.'s vagina while the girls wrestled with him. State's Ex. 9. Booker, however, denied intentionally touching them inappropriately.
>
> On December 27, 2001, the State charged Booker with child molesting. The charges alleged that Booker had performed criminal deviate conduct on D. on two occasions and on D.H. on one occasion by digitally penetrating their vaginas. Thereafter, Booker moved that the counts against him be severed for separate trials. Booker argued that he had an absolute right to severance

2

of the counts because the offenses were joined solely because they were of the same or similar character. The trial court denied Booker's request.

On June 14, 2002, Booker's court-appointed public defender filed a petition with the trial court requesting funds—because of Booker's indigency—for a child psychologist to assist him in preparing a defense. Specifically, Booker asked "that a child psychologist trained and experienced in interviewing assess the credibility of the alleged victims and the reliability of their statements." *Appellant's App*. p. 14. Again, the trial court denied Booker's request.

At a jury trial commencing June 25, 2002, D. and D.H. testified that Booker had been their babysitter. Tr. p. 130, 145. The girls testified that Booker had placed his finger in their vaginas while they were in bed. *Tr*. p. 134, 135, 146, 147.

Booker was found guilty of all counts. Thereafter, the trial court sentenced Booker to twenty years for each count, with counts I and II to run consecutively and count III to run concurrent to counts I and II. Thus, Booker's total sentence was forty years.

*Booker v. State*, 790 N.E.2d 491, 493-94 (Ind. Ct. App. 2003), *trans. denied*.

Booker's appellate counsel raised the following issues: (1) whether the trial court erred in denying Booker's request to sever the charges; (2) whether the trial court abused its discretion in denying the appointment of the expert witness; and (3) whether Booker's sentence was inappropriate. *Id*. at 492–93. On June 18, 2003, we affirmed Booker's convictions and sentence, and our supreme court denied his petition to transfer.

On July 25, 2003, Booker filed with this Court a pro se petition for a copy of the record of proceedings. On August 14, 2003, this Court issued an order granting permission to the Indiana Public Defender to withdraw a copy of the transcript for the purpose of copying it, after which it could be transmitted to Booker for his review. The order further states that if the public defender had agreed to serve as Booker's counsel and that if Booker wished to continue to be represented by the public defender, then Booker was not entitled to a copy of the record of proceedings at public expense, and the public defender was relieved of any obligation to make a copy of the record.

On December 22, 2003, Booker filed a pro se petition for post-conviction relief. On June 10, 2005, Booker filed an amendment to the petition. On August 17, 2005, Booker filed with this Court a verified motion to withdraw the record and for an order instructing the clerk to transmit the record to the trial court for use in the post-conviction proceedings. On September 6, 2005, this Court issued an order that reads in pertinent part as follows:

The Court having examined said Motion and being duly advised, now finds that the same should be denied as prayed.

If the trial judge determines that he needs to review the record of the proceedings from the Appellant's prior, direct appeal, in order to rule upon the Appellant's Petition for Post-Conviction Relief, this Court will entertain a similar motion by the trial court. *Appellant's App.* at 64.

The post-conviction court held evidentiary hearings on November 10, 2005, March 3, 2006, and June 30, 2006. On April 28, 2006, Booker filed without permission an additional amendment to his petition, which was stricken by the post-conviction court on the State's motion. On August 25, 2006, the post-conviction court entered findings of fact, conclusions of law, and an order denying Booker's petition.

On May 10, 2007, Booker filed his pro se appellant's brief and appendix. On the State's motion, this Court ordered Booker to file a supplemental appendix, which he did on September 18, 2007. On October 29, 2007, the State filed its appellee's brief. On December 4, 2007, Booker filed a pro se brief with white covers entitled "Brief of Appellant"; we presume that Booker intended this to be a reply brief. Because Booker filed this brief well beyond the fifteen-day limit mandated by Indiana Appellate Rule 45(B)(3),2 we hereby sua sponte strike the brief as untimely and will not consider it in this appeal.

*Booker v. State*, No. 48A05-0609-PC-534, slip op. at 2-3 (Ind. Ct. App. April 16, 2008).

Booker-El filed a motion for relief from judgment pursuant to Indiana Trial Rule 60(B), which the trial court denied on February 21, 2013. The trial court denied Booker-El's motion to correct error on March 6, 2013. Booker-El now appeals.[1]

**DISCUSSION AND DECISION**

The State correctly observes that Booker-El's brief fails to comply with the Indiana Rules of Appellate Procedure and that Booker-El fails to present a cogent argument in

---

[1] We note that Booker-El filed a Motion to Strike Appellee's Brief, which was postmarked on February 4, 2014. However, we notified Booker-El that the motion was defective for lack of the requisite number of copies of the motion (an original plus five copies per Indiana Appellate Rule 23(C)(3)(b)). Booker-El has not cured the defect within the timeframe set forth pursuant to a standing order of the Indiana Supreme Court dated February 22, 2012 (no later than twenty business days from the date of the notice for incarcerated individuals proceeding pro se). Nevertheless, we find Booker-El's motion to be without merit.

4

support of his claims on appeal. As is pertinent to this situation, an appellant can waive appellate review of his claims by failing to present an adequate record on appeal. *Thompson v. State*, 761 N.E.2d 467, 471 (Ind. Ct. App. 2002). Another manner in which an appellant waives appellate review of his claims is by failing to present a cogent argument. Indiana Appellate Rule 46(A)(8)(a) requires that appellate arguments and contentions are supported by coherent reasoning with citations to authority. The failure to present cogent argument or citation to authority constitutes waiver of the issues for appellate review. *Davis v. State*, 835 N.E.2d 1102, 1113 (Ind. Ct. App. 2005). Booker-El's brief is devoid of cogent reasoning and argument such that we conclude his claims have been waived for purposes of appellate review.

Assuming without deciding that Booker-El's arguments have not been waived, we conclude that they are barred by the doctrine of *res judicata*. "*Res judicata* prevents the repetitious litigation of disputes that are essentially the same." *Wright v. State*, 881 N.E.2d 1018, 1021 (Ind. Ct. App. 2008). Furthermore, *res judicata* dictates that a judgment on the merits is an absolute bar to a subsequent action between the same parties or those in privity with them on the same claim or demand. *Smith v. State*, 825 N.E.2d 783, 789 (Ind. 2005). "The doctrine of res judicata is divided into two branches: claim preclusion and issue preclusion." *Wright*, 881 N.E.2d at 1022. "Issue preclusion, which is also referred to as collateral estoppel, precludes relitigation of issues actually and necessarily decided in an earlier litigation between the same parties or those in privity with the parties." *Scott v. Scott*, 668 N.E.2d 691, 699 (Ind. Ct. App. 1996). Additionally, a party cannot escape the

effect of claim preclusion merely by using different language in framing the issue and defining the alleged error. *Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000).

Here, from what we can discern of Booker-El's claims, many of those claims were claims raised in his petition for post-conviction relief and his appeal from the denial of that petition. For example, he raised claims involving the calling of witnesses, the admission of medical evidence and medical testimony, and arguments related to the case law of *Davis v. Mississippi*, 394 U.S. 721 (1969). Any of the additional claims presented by Booker-El, to the extent they may be understood, were available to him in the context of his petition for post-conviction relief or on direct appeal. The scope of relief provided to petitioners for post-conviction relief under Indiana Post-Conviction Rule 1(1) is limited to issues that were not known at the time of the original trial or that were not available on direct appeal. *Allen v. State*, 749 N.E.2d 1158, 1163 (Ind. 2001). "Issues available but not raised on direct appeal are waived, while issues litigated adversely to the defendant are *res judicata*." *Id.* Booker-El has failed to show that the trial court erred by denying his motions.

Affirmed.

MAY, J., and BAILEY, J., concur.