**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 21 2014, 8:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL J. KYLE**
Baldwin Adams & Kamish
Franklin, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| WILLIAM A. RUSSELL, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 41A04-1406-CR-290 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE JOHNSON CIRCUIT COURT
The Honorable Peter D. Nugent, Special Judge
Cause No. 41C01-0511-FB-24

**November 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Defendant William A. Russell was convicted of Class B felony burglary and found to be a habitual offender on November 14, 2006. He was subsequently sentenced to a term of twenty years for the Class B felony burglary conviction. His sentence was enhanced by an additional twenty-year term by virtue of his status as a habitual offender. Russell has since filed three separate motions seeking to correct what he alleges was an erroneous sentence. The trial court denied each of these motions, the last of which was denied on May 30, 2014. On appeal, Russell argues that the trial court erred in denying his third motion to correct his allegedly erroneous sentence. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On November 7, 2005, Russell, with the intent to commit a theft therein, entered the residence of Christopher Stainbrook. Stainbrook awoke to find Russell in his bedroom. Stainbrook subsequently discovered that Russell had stolen $52.00 from inside of Stainbrook's girlfriend's purse.

On November 9, 2005, Appellee-Plaintiff the State of Indiana (the "State") charged Russell with Class B felony burglary. The State also alleged that Russell was a habitual offender. On November 14, 2006, the trial court found Russell guilty of Class B felony burglary. The trial court also found that Russell was a habitual offender. The trial court subsequently sentenced Russell to a term of twenty years for Class B felony burglary and enhanced the sentence by an additional twenty-year term by virtue of Russell's status as a habitual offender. The trial court's sentencing order makes no mention as to whether

Russell's sentence was to be run consecutive to his prior unrelated sentence.[1]

On January 11, 2007, Russell filed a notice of appeal. Russell subsequently filed a motion to dismiss the appeal, which was dismissed with prejudice on June 4, 2007. On October 27, 2008, Russell filed a petition for post-conviction relief ("PCR petition"). Russell did not raise any challenge relating to his sentence in his PCR petition. A hearing was held on Russell's PCR petition on August 10, 2009, after which the post-conviction court denied Russell's request for post-conviction relief.

On August 4, 2011, Russell, by counsel, filed a motion to correct erroneous sentence. In this motion, Russell claimed that his sentence was erroneous pursuant to Indiana Code section 35-38-1-15 and the Indiana Supreme Court's opinion in *Breaston v. State*, 907 N.E.2d 992 (Ind. 2009)[2] because he was on parole for an unrelated conviction, the sentence for which has also been enhanced by virtue of his status as a habitual offender, at the time that he was sentenced in the instant matter. The trial court subsequently denied Russell's motion. Russell filed a notice of appeal on September 16, 2011. On January 30, 2012, Russell filed a motion to dismiss the appeal. Russell's appeal was thereafter dismissed with prejudice.

On December 13, 2012, Russell, again by counsel, filed a second motion to correct erroneous sentence. In this motion, Russell again claimed that his sentence was erroneous under Indiana Code section 35-38-1-15 and the Indiana Supreme Court's opinion in

_____

[1] In addition, we note that neither party has provided the court with a copy of the sentencing transcript on appeal.

[2] In *Breaston*, the Indiana Supreme Court held that "[u]nder Indiana law, a trial court cannot order consecutive habitual offender sentences." 907 N.E.2d at 995.

3

*Breaston*. Russell attached a document which he claimed indicated that he was still on parole for his prior unrelated conviction at the time he was sentenced in the instant matter. Russell, however, failed to present any proof that the instant sentence was ordered to run consecutive to the sentence that was imposed in relation to his prior unrelated conviction. On January 25, 2013, the trial court denied Russell's December 13, 2012 motion. Russell subsequently filed a motion to correct error, which was denied by the trial court on March 13, 2013. Russell did not appeal the trial court's denial of his motion to correct error.

On April 7, 2014, Russell, again by counsel, filed a third motion to correct erroneous sentence. The April 7, 2014 motion was identical to the motion filed by Russell on December 13, 2012. The trial court denied Russell's third motion to correct an erroneous sentence on May 30, 2014. This appeal follows.

## DISCUSSION AND DECISION

On appeal, Russell contends that the trial court erred in denying his April 17, 2014 motion to correct his allegedly erroneous sentence. The State, for its part, argues that the trial court properly denied Russell's April 17, 2014 motion because Russell's challenge was barred by the doctrine of res judicata. Specifically, the State argued that Russell's challenge was barred because the trial court had previously decided the precise issue presented in Russell's April 17, 2014 motion on two separate occasions before denying Russell's current motion. We agree with the State.

The doctrine of res judicata prevents the repetitious litigation of that which is essentially the same dispute. *State v. Holmes*, 728 N.E.2d 164, 168 (Ind. 2000).

4

> Res judicata dictates that "a judgment rendered on the merits is an absolute bar to a subsequent action between the same parties or those in privity with them on the same claim or demand." *Gill v. Pollert*, 810 N.E.2d 1050, 1057 (Ind. 2004) (quoting *Sullivan v. American Cas. Co.*, 605 N.E.2d 134, 137 (Ind. 1992)). It "prevents the repetitious litigation of that which is essentially the same dispute." *Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000) (citations omitted).

*Smith v. State*, 825 N.E.2d 783, 789 (Ind. 2005). An individual cannot escape the effect of res judicata merely by using different language to phrase and issue and define an alleged error. *Holme*s, 728 N.E.2d at 168.

In the instant matter, Russell was found guilty of Class B felony burglary and of being a habitual offender on November 9, 2005. He was subsequently sentenced to a term of twenty years with respect to his Class B felony burglary conviction. His sentence was enhanced by another twenty years by virtue of his status as a habitual offender. On August 4, 2011, Russell, by counsel, filed a motion to correct erroneous sentence, in which he claimed that his sentence was erroneous pursuant to Indiana Code section 35-38-1-15 and the Indiana Supreme Court's opinion in *Breaston*. The trial court subsequently denied Russell's motion.

On December 13, 2012, Russell, again by counsel, filed a second motion to correct erroneous sentence in which Russell again claimed that his sentence was erroneous under Indiana Code section 35-38-1-15 and the Indiana Supreme Court's opinion in *Breaston*. Russell attached a document which he claimed indicated that he was still on parole for his prior unrelated conviction at the time he was sentenced in the instant matter. Russell, however, failed to present any proof that the instant sentence was ordered to run consecutive to the sentence that was imposed in relation to his prior unrelated conviction. On January 25,

5

2013, the trial court again denied Russell's motion.

On April 7, 2014, Russell, again by counsel, filed a third motion to correct erroneous sentence. The April 7, 2014 motion was identical to the motion filed by Russell on December 13, 2012. The trial court denied Russell's third motion to correct an erroneous sentence on May 30, 2014.

The trial court had twice rejected the very claim raised in Russell's April 17, 2014 motion. Russell's repeated filing of a motion to correct an allegedly erroneous sentence constitutes the type of repetitious litigation, *i.e.*, a repeated re-hashing of exactly the same argument or claim, that the doctrine of res judicata aims to prevent. Thus, under the doctrine of res judicata, the trial court's previous rulings on Russell's repetitious motions, both of which became final judgments, are an absolute bar to Russell again raising the claim at issue in this appeal. *See Smith*, 825 N.E.2d at 789 (citing *Gill*, 810 N.E.2d at 1057). As such, we conclude that the trial court did not err in denying Russell's April 7, 2014 motion.

Further, we observe that the Indiana Supreme Court has previously recognized that an individual may avoid res judicata only if he has established any recognized ground for doing so, noting that "[t]he bar of res judicata may sometimes give way when the initial decision was 'clearly erroneous and would work manifest injustice.'" *Annes v. State*, 789 N.E.2d 953, 954 (Ind. 2003) (quoting *State v. Lewis*, 543 N.E.2d 1116, 1118 (Ind. 1989)). However, upon review of the facts and circumstances surrounding the instant matter, we conclude that Russell has failed to establish that the trial court's decision was clearly erroneous or would result in manifest injustice. While Russell argues that the challenged sentence, which again

6

included a twenty-year habitual offender enhancement, was improperly ordered to run consecutive to an unrelated sentence which also included a habitual offender enhancement, the record is devoid of proof that the sentence at issue was actually ordered to run consecutive to the prior sentence. In addition, Russell has failed to present any argument or evidence demonstrating that the application of res judicata to the instant matter would result in manifest injustice. Russell, therefore, has failed to meet the standard for establishing that the doctrine of res judicata should not be applied to the instant matter.

Furthermore, even assuming that the doctrine of res judicata should not apply to the instant matter, Russell's challenge on appeal must still fail because his claim is not one that can be adjudicated through a motion to correct erroneous sentence.

> [A] motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence.

*Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004) (stating that "[w]hen claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable. Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the "facially erroneous" prerequisite should henceforth be strictly applied").

Russell does not claim that the sentence at issue in the instant matter is erroneous on the face of the judgment. Rather, Russell's claim is that the sentence is erroneous when

7

considered together with an unrelated previous sentence. Because Russell's claim would require consideration of materials outside of the judgment imposing the sentence in question, a motion to correct erroneous sentence was not a proper method for challenging Russell's sentence. *See id.* Instead, Russell should have challenged the sentence on direct appeal or in his petition for post-conviction relief. Russell, however, did not do so. As such, we conclude that Russell's claim on appeal that the trial court erred in denying his motion to correct an erroneous sentence is without merit.

The judgment of the trial court is affirmed.

BARNES, J., and BROWN, J., concur.